CASE 3—ACTION BY A. L. BRAND AGAINST E. B. SAMUELS AND OTHERS TO RECOVER DAMAGES ON THE OFFICIAL BOND OF SAMUELS, AS COUNTY CLERK, FOR GIVING AN ERRONEOUS CERTIFICATE.

## Samuels, &c. v. Brand.

APPEAL FROM HICKMAN CIRCUIT COURT—R. J. BUGG, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL: AFFIRMED.

DEEDS—ACKNOWLEDGMENT—LIABILITY FOR FALSE CERTIFICATE.

A purchaser of land receiving a deed, the purported signature and acknowledgment of which by C., the owner, before W., deputy clerk, were forged by C.'s husband, can rely on the gen-

uine certificate thereon of the clerk that the deed was acknowledged by C. before the deputy clerk; and the clerk is liable to him for his loss in paying the purchase price in reliance thereon.

BULLOCK & SMITH, ATTORNEYS FOR APPELLANTS.

1. It is admitted that appellee at the time he bought the property in controversy and paid the money, $300, to R. F. Carrico, knew that said R. F. Carrico and his wife were not living together, and that the property belonged to the wife, and we insist that appellee himself was guilty of such negligence as that, but for which this trouble would not have come about.

2. We insist further that the certificate of the clerk, E. B. Samuels, that the deed "had been acknowledged by R. F. Carrico and his wife, Lula M. Carrico, before W. N. Craig, deputy clerk, as appears from the acknowledgment on the back of said deed" was true, because the same did so appear on the back of said deed as certified by the clerk. There is no intimation that the clerk knew the endorsement was a forgery, or that he was negligent or careless in the matter. The signature had the appearance of being in the handwriting of the deputy Craig, and there was no circumstance to call the clerk's attention to or arouse any suspicion of its being a forgery.

We insist that the clerk's certificate was made in good faith, without negligence and upon reasonable appearances which any prudent man would have done under like circumstances, and he ought not to be held liable under the facts as shown in this record.

BENNETT, ROBBINS & THOMAS, FOR APPELLEE.

POINTS AND AUTHORITIES CITED.

1. A county court clerk, in certifying to the signature of a deed, acts ministerially and is responsible to an innocent third party, if the certificate is false. Cox v. Gill, 83 Ky., 673; Cooley on Torts, p. 388; Cyclopedia of Law & Procedure, vol. 1, p. 628; Barlels v. People, 45 Ill., 306; State v. Meyer, 2 Mo., 413; 90 American Decisions, 730; 70 American Decisions, 714. (Same case, 10 Cal., 239); Shearman & Redfield on Negligence, 4th Ed., vol. 2, secs. 590 and 592; 90 Ky. Rep., 23; Ky. Statutes, sec. 373.

ADDENDA.

2. The principle is well established in Kentucky, and to such an extent as to not require the citation of authorities, that banks must know the signatures of their customers. If in any

instance they pay money upon a forged check, they must refund the same to their customer, and the skillfulness of the forgery will not relieve them.  If these institutions, who do not select their customers, and whose opportunities for knowing their signatures are not so full and complete as are those of an officer to know the signature of his deputy, must under the law cash checks at their peril, how much more should it be the law that an officer should know the signature of his deputy and should be held responsible for wrongly certifying to a certificate by such deputy?  The latter case is much stronger, because the world at large have a right to act upon such certificate, and the stability of titles is dependent upon their correctness.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

This action was instituted in the Hickman circuit court by the appellee against E. B. Samuels and his sureties on his official bond as county court clerk for damages occasioned by the appellant giving an erroneous certificate of the acknowledgment of Lula M. Carrico to a deed purporting to have been executed by her and her husband, R. F. Carrico, to appellee.  The material facts in this case, which are admitted, and which are necessary to be considered for a correct determination of the question in issue, are briefly these: Lula M. Carrico was the owner of a small house and lot in the city of Mayfield, Ky., worth about $300, and on or about the 15th of February, 1903, the appellee entered into an oral agreement with Lula M. Carrico's husband, R. F. Carrico, for the purchase of this lot at an agreed price of $300 in cash; and on the 17th of March, 1903, R. F. Carrico presented to appellee, in the city of Mayfield, Ky., a general warranty deed to this lot from himself and his wife, Lula M. Carrico, in which the receipt of the purchase money was acknowledged and the deed purported to have been signed and acknowledged by Lula M. Carrico and her husband.  The deed was delivered to the appellee, and he paid R. F. Carrico $300 in cash therefor.  Subsequently Lula M. Carrico

instituted suit in the Graves circuit court against the appellee to recover the property, and she assailed this deed as a forgery, and denied ever having signed or acknowledged the same. In this suit she was successful, and recovered the lot. The deed was in fact acknowledged by R. F. Carrico before W. W. Craig, deputy of the appellant, and on the back of the deed was also this endorsement: "Acknowledged before me in my county by Lula M. Carrico to be her act and deed this the 10th day of March, 1903. E. B. Samuels, Clerk Hickman County Court, by W. W. Craig, D. C." But as a matter of fact this endorsement was a forgery, and it had not been made by W. W. Craig or E. B. Samuels. However, on the 12th day of March, 1903, and before the deed had ever been presented to the appellee, the appellant Samuels, in Hickman county, in his own handwriting, indorsed on the deed the following certificate: "State of Kentucky, County of Hickman—sct.: I, E. B. Samuels, clerk of the Hickman county court, in the State of Kentucky, do certify that this deed from Lula M. Carrico and R. F. Carrico to A. L. Brand was on the 9th day of March, 1903,, acknowledged before W. W. Craig, my authorized deputy in my county, by R. F. Carrico, and on the 10th day of March, 1903, by Lula M. Carrico, his wife, to be their act and deed, as appears from an endorsement thereon in these words: 'Acknowledged before me in my county by R. F. Carrico to be his act and deed this the 9th day of March, 1903. E. B. Samuels, C. H. C. C., by W. W. Craig, D. C.' 'Acknowledged before me in my county by Lula M. Carrico to be her act and deed this the 10th day of March, 1903. E. B. Samuels, C. H. C. C., by W. W. Craig, D. C.' All of which is hereby certified to the clerk of the Graves county court for record. Given under my hand this 12th day of March, 1903. E. B. Samuels, Clerk." This certificate was on the deed

when it was presented to the appellee for acceptance and when he paid the money to R. F. Carrico. It is admitted by the appellant that his certificate was incorrect, but he says that he was deceived by the clever forgery of his deputy Craig's certificate with reference to the acknowledgment by Lula M. Carrico; that this endorsement was very similar to the true endorsement made by his deputy as to R. F. Carrico's acknowledgment; that in this he faithfully performed his duty; that he exercised due care with reference thereto, but was imposed upon and deceived, and therefore he ought not to be held liable therefor. He also says that appellee did not use any care to protect himself, for the reason that he knew that Carrico and his wife were then separated and that Carrico did not have any special directions or order from his wife to Brand authorizing him to pay this money to Carrico.

We are of the opinion that the possession of this deed by R. F. Carrico with the acknowledgment of the payment of the purchase price recited therein was a sufficient authority to Brand to pay this money. While appellant alleged that appellee knew of the separation of Carrico and wife at the time he paid the purchase money, yet he (appellant) did not allege that he did not know of this separation at the time he made the certificate; and, even if he had made this allegation, it would not avail him, for the reason that the possession by R. F. Carrico of this deed, properly signed and acknowledged, was sufficient to take appellee off his guard, and he could properly have supposed that everything was all right. We are of the opinion that the appellee had the right to rely upon the certificate of appellant. How may the public know that a deed has been acknowledged unless the truthfulness of the clerk's certificate can be relied upon?

Shall a purchaser of real estate be compelled to go and ascertain for himself whether or not the grantors in a deed have in fact signed it? When a county court clerk's certificate, written by himself in his own handwriting, and signed by him, is endorsed on the deed, can not the purchaser of real estate rely with absolute confidence on such certificate, and buy without fear of losing his property? We think so. Of course, if the certificate of appellant had been a forgery, he would not have been liable; but in this case his certificate is genuine, and, not only that, he certifies that the certificate of W. W. Craig is genuine. The genuineness of Craig's signature is the meaning of his certificate, and he must be presumed to have known the signature of his deputy.

We are of the opinion that appellant, by giving this certificate, which he admits was incorrect, became responsible to appellee in the amount which the lower court adjudged; wherefore the judgment is affirmed.

Petition for rehearing by appellant overruled.