Case 58.—ACTION BY MARGARET GREEN BY THE COMMON
WEALTH AGAINST WILLIAM P. JOHNSON ON HIS OF-
FICIAL BOND AS COUNTY CLEK, FOR DAMAGES FOR
THE NEGLIGENCE OF HIS DEPUTY IN TAKING AN
ACKNOWLEDGMENT TO A DEED.—Oct. 9.

## Commonwealth for use of Green v. Johnson, &c.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, 2d Division.)

Thos. R. Gordon, Judge.

Judgment for Defendants.    Plaintiff appeals.    Af-
firmed.

1.  Acknowledgment—False Certificate—Liability of Officer—Clerk
    of Court—A county clerk, who, in taking an acknowledgment,
    exercises such diligence as a reasonably prudent person would
    exercise under like circumstances, performs faithfully his of-
    ficial duties and complies with his bond and oath of office.

2.  Same—Negligence—Evidence—In an action on the official bond
    of a county clerk for damages occasioned by a false certificate
    of acknowledgment, evidence that the deputy clerk took the
    acknowledgment of an imposter made a prima facie case of
    negligence, casting on the clerk the burden of showing that
    his deputy in taking the acknowledgment used care and dili-
    gence to prevent the fraud.

3.  Same—Questions for Jury—In such case evidence that the im-
    poster whose acknowledgment was taken was introduced to
    the deputy by a reputable business man, who attested the
    signature of the person whose acknowledgment purported to
    be taken, was competent to show the clerk's diligence, but
    whether it was sufficient to overcome the prima facie case was
    for the jury.

4.  Appeal—Findings by Court—Reversal—Where the parties waive
    a jury and submit the case to the court, its judgment on the
    facts is entitled to the same force as a verdict, and will not
    be disturbed unless flagrantly against the evidence.

JAMES T. A. BAKER and JOHN ROBERTS for appellants.

Commonwealth for use of Green v. Johnson, &c.

### POINTS AND AUTHORITIES.

1. It will be insisted that the act and certificate of a Clerk of the County Court are ministerial duties: (90 Ky., 25, 12 Bush, 414, Talbot's devises v. Hooser, and the principal is liable for the acts of his deputy.

2. The law forces a County Court Clerk when taking an acknowledgment of a deed, at his peril, to certify the truth. (Samuels v. Brand, 26 Law Reporter, 945.)

3. Recorded titles must rest upon the truthfulness of the Clerk's certificate, and not upon his vigilance. The covenant in the Clerk's official bond is that he will faithfully discharge all and every duty of his office. Faithful is truthful. It is not vigilance, diligence or custom. It is truth, upon which all persons may rely.

Hence, it is insisted that the court erred in sustaining the demurrer to the petition, thereby forcing the plaintiffs to amend, stating negligence.

4. Public policy and public utility will not permit titles to real estate to rest upon the diligence and vigilance of the County Clerk and his deputies; and there is no way of securing valid titles, or indemnity to the party losing by false certificate, except to hold the Clerk responsible for loss growing out of such a certificate.

5. He who invests his money, relying upon the truthfulness of a false certificate, cannot have redress except upon the Clerk's official bond.

BODLEY, BASKEN and FLEXNER for appellees.

### POINTS AND AUTHORITIES.

1. The County Clerk is not responsible for the negligence of his deputy in not ascertaining that a party offering to acknowledge a mortgage was the real mortgagor. (Amer. & Eng. Ency. of Law, 2nd Ed., Vol. 23 page 382; Amer. & Eng. Ency. of Law, 1st Ed., Vol. 19, page 495; Kienan v. Southworth, 110 Mass., page 474; Conwell v. Voorhees, 13 Ohio or Amer. Dec., page 207.)

2. Only those who employ and pay for the services can sue if it be negligently performed. (Cooley on Torts, 2nd Ed., pages 450 & 446; Harrington v. Ward, 9 Mass., page 251; State v. Harris, 89 Ind., page 169; Strong v. Campbell, 11 Barb., page 135; Sherman & Redfield on Negligence, page 174; Houseman v. Gerard M. & B. L. A., 81 Pa. St., 256; Griffen v. Reising, 11 Met. (Mass.), page 339; Garlinghaus v. Jacobs, 29 N. Y., 297; Goode v. Miller, 78 Ky., 235; Bank of Rome v. Mott, 17 Wend., page 554; 6 Eng. of Laws, page 341; 152 Ill., page 557; 54 Ill., page 390; 1 Eng. of Law, page 546.)

3. The Clerk himself could only be liable for negligence, and

that too, to the party who employs him. (McFarland v. Burton, 89 Ky., page 299.)

4. Where the party offering to acknowledge a mortgage was introduced to the deputy by a reputable citizen, the deputy had the right to rely upon such introduction, and was not negligent in taking and certifying an acknowledgment after such introduction.

5. Officer taking acknowledgment not an insurer of the identity of the party acknowledging, or that such party is the owner of the property. (Henderson v. Smith, 26 W. Va., 829; Commonwealth for the use v. Haines, 97 Pa., 228; People for the use v. Colby, 39 Mich., 457; Brown v. Dolan, 69 Iowa, 643, or 27 N. W., 795; Thompson on Negligence, Vol. 5, Sec. 6396; Wharton on Negligence, Sec. 297; Neal v. Taylor, 9 Bush, 380; Clerk's oath, Kentucky Statutes, Sec. 372.

6. Loss, if any, occured from taking a forged note and not the mortgage, hence no damage. (Willis v. Haun, 47 Iowa, 617; Oakland Bank v. Murfey, 68 Cal., 458, or 9 Pac., 843.)

7. Plaintiff must prove damage by showing value of the property and that it was not encumbered    (Mahoney v. Dixon, 77 Pacific, 519.)

OPINION BY JUDGE NUNN—Affirming.

Appellee, William P. Johnson, was for many years clerk of the Jefferson county court, and Walter Ratcliffe, during all those years, was his deputy. On December 21, 1900, E. D. Fryer, a real estate agent, went to the county clerk's office and introduced to Mr. Ratcliffe a woman as Mrs. Mary E. Schneider, and presented to him a mortgage which purported to be a mortgage from Mary E. Schneider to Margaret Green. The woman thus introduced acknowledged the mortgage as the act and deed of Mary E. Schneider, making her mark instead of writing her signature and the signature thus made, was witnessed by E. D. Fryer and Ratcliffe. Ratcliffe then, as deputy clerk, appended a certificate that it had been acknowledged by Mary E. Schneider, and handed it back to the woman, and she some time thereafter delivered it, through E. D. Fryer to James T. A. Baker, who was attorney for

appellant, Margaret Green. Upon this pretended mortgage, the woman referred to being an impostor, the appellant, Green, made a loan of $600. The mortgage debt not being paid at maturity, the appellant brought suit against the real Mary Schneider, who defended upon the ground that the mortgage and note were not executed by her. Judgment was rendered in her favor. Thereupon Mrs. Green brought this action against the clerk William P. Johnson, and his bondsman, alleging in substance the making of the false certificate of acknowledgment, her reliance upon same in loaning her money, and her loss of it. An issue was formed, the law and facts were tried by the court, without a jury and judgment was rendered in behalf of appellees.

The parties do not disagree upon the point that the woman who actually acknowledged the mortgage was an impostor The appellant contends that, as the cerificate of the clerk was untrue and she, relying on the truth of it, lost $600, the clerk should make good to her the loss. The appellee contends that the clerk and his bondsman are not liable for the negligence of the deputy clerk; that the county alone is responsible therefor. Second. That, even if the clerk was liable for the deputy's wrongful or negligent acts, the deputy, Ratcliffe, was not guilty of any wrongful or negligent act in the matter referred to; that he used reasonable diligence and proper care in ascertaining the identity of the mortgagor; and that he was imposed upon by the woman and E. D. Fryer.

We will consider these questions in the order stated.

We cannot agree with appellant's claim that the clerk is liable because his certificate is untrue; that he is an insurer of the identity of persons who execute conveyances. If the county clerk, in taking such acknowledgments, is to be charged with such a responsibility and held liable for all losses, it matters not how careful and diligent he may be, then it would

be extremely difficult to get an intelligent person to
accept the office.  It is conceded that the clerk in this
State, in taking the acknowledgement of conveyances,
acts in a ministerial and not in a judicial capacity.
If they acted in a judicial capacity, of course, they
would not be responsible for a mere error of judgment,
but, acting in a ministerial capacity, they are respon-
sible for their errors unless they can show that they
occurred notwithstanding the use of reasonable care
and diligence on their part to prevent same.  The ap-
pellant's counsel refers to the case of Samuels v.
Brand, 82 S. W. 977, 26 Ky. Law Rep. 943, in support
of their position that the clerk is an insurer of the
identity of a grantor or mortgagor.  In that case the
clerk certified to the genuineness of the signature of
one of his deputies.  It turned out, as a matter of
fact, that the indorsement on the deed and the signa-
ture of the deputy were forgeries, and the court held
that the clerk was chargeable with the duty of know-
ing the signature of his own deputy, whose acts in
effect were the acts of the clerk.  That case is unlike
this.  There is no case which we have been able to find
which supports the contention that the clerk must
know at his peril every man and woman who ac-
knowledges a conveyance before him, but on the con-
trary the authorities are to the effect that, if a clerk
in taking an acknowledgment, exercises that diligence
which a reasonably prudent and cautious man would
exercise under like circumstances, he performs faith-
fully the duties of his office, and complies with the
terms of the bond and oath of office.

We cannot agree with the appellant's counsel in
their claim that the clerk is not liable in damages re-
sulting from the negligent and careless act of his dep-
uty.  It is true that there is authority in support of
the contention that in certain cases the clerk is not
liable for the acts of his deputy, but this court has
never announced this principle.  In American & Eng-
lish Ency. of Law, vol. 9 (2d Ed.), p. 390, it is said:

"The principal is liable civiliter for the misfeasance, malfeasance or nonfeasance of his deputy in the performance of his official duties, and this, it has been held, whether the deputy is regarded as a district and independent officer or as the mere agent or servant of the principal," and refers to many cases in support of the text, and several of them Kentucky decisions. In our opinion when the appellant proved that the clerk or his deputy took the acknowledgment of this woman, the impostor, as Mrs. Schneider, then a prima facie case of negligence was made out against the clerk, and it devolved upon him to show that his deputy, in taking the acknowledgment, used care and diligence to prevent the fraud and imposition.

The only remaining question is, was there any evidence tending to show care and diligence on the part of the deputy clerk to prevent the fraud perpetrated in this case? It appears, and it is conceded, that Fryer, who brought the woman, the impostor, to the clerk's office was a business man of long standing and good reputation in the city of Louisville; that he introduced this woman to the clerk as Mrs. Schneider; that he attested her signature as that of Mrs. Schneider; that, in the manner followed in the general course of business, he vouched to the clerk for the identity of the person who was present as Mrs. Schneider. The clerk accepted this introduction and took the acknowledgment and made the certificate. In our opinion this was competent evidence tending to show care and diligence on the part of the clerk, whether it was sufficient to overcome the prima facie case made out by appellant was a question peculiarly within the province of the court trying the case.

The parties waived a jury and submitted the law and facts to the court, and its judgment upon the facts is entitled to the same force and effect as the verdict of a jury, and should not be disturbed unless flagrantly against the evidence.

For these reasons, the judgment is affirmed.