## Boden v. Harter et al.

(Decided June 19, 1931.)

WOODWARD, HAMILTON & HOBSON for appellant.

J. E. HUTCHINS and W. PRATT DALE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

We shall refer to the appellant as the plaintiff and to the appellees as the defendants, for those are the positions they occupied in the trial court, where the court gave a peremptory instruction to find for the defendants in an action for damages begun by plaintiff against D. S. Harter and the American Surety Company. The facts are thus stated in the petition:

"Plaintiff says that on October 25, 1929, and prior thereto the plaintiff was the owner of one 1926 Hupmobile Sedan, Motor No. 15987, of the fair and reasonable market value of Seven Hundred (700) Dollars.

"Plaintiff says that on October 25, 1929, he delivered said automobile to one E. W. Price in the city of Louisville, for the purpose of having the same sold by said Price, and the sale price remitted to this plaintiff, and at said time this plaintiff was required by said Price to sign a bill of sale to said Price for said automobile, but said bill of sale was not acknowledged or sworn to before a Notary Public by this plaintiff at any time, and was to be acknowledged and sworn to only in the event that a sale of said automobile was made.

"Plaintiff says that on October 26, 1929, without right or authority from this plaintiff and without this plaintiff being present or consenting thereto, the defendant, D. S. Harter, a Notary Public in and for the State of Kentucky and County of Jefferson, did wrongfully and without any authority from this plaintiff certify on said bill of sale that this plaintiff had subscribed and sworn to said bill of sale on

October 26, 1929; that such certification by said D. S. Harter was false and unauthorized.

"Plaintiff says that by reason of such certification, the said E. W. Price took said bill of sale to the office of the County Court Clerk of Jefferson County, Kentucky, and procured the transfer of said automobile to himself and converted and removed the same from the State of Kentucky, all without plaintiff's consent or authority, and plaintiff has been unable to recover said automobile or regain the same in any way whatever.

"Plaintiff says that on November 22, 1926, the defendant, D. S. Harter, as principal, and American Surety Company, as surety, signed, executed and delivered a bond to the Commonwealth of Kentucky in the sum of One Thousand (1,000) Dollars, that the said D. S. Harter as Notary Public in and for Jefferson County, Kentucky, shall well and properly discharge all the duties of said office as required by law, attested copy of said bond is filed herewith marked 'Exhibit A' and attested copy of the bill of sale referred to herein is filed herewith marked 'Exhibit B.'

"Plaintiff says that the defendant, D. S. Harter, failed to discharge his duties as Notary Public in that he certified as Notary Public that this plaintiff subscribed and swore to the bill of sale for said automobile, when the plaintiff had not done so and had not authorized such certification, and by reason thereof plaintiff was caused to and did lose the automobile herein referred to, to his damage in the sum of Seven Hundred (700) Dollars.

"Plaintiff says that the bond executed by defendant, American Surety Company, was and is for the benefit of persons injured or damaged by reason of the failure of said D. S. Harter as Notary Public to discharge well and properly his duties as Notary Public in said State and County, and was in full force and effect on Oct. 25, 1929."

A demurrer was sustained to the petition, whereupon plaintiff filed an amendment thereto containing this:

"That immediately after E. W. Price transferred the title to said automobile to himself, by reason of the false certification by the defendant,

Harter, the said Price removed said automobile from Louisville to Cleveland, Ohio, and there sold it to an innocent purchaser for value by reason of the certificate of ownership which he procured upon the Bill of Sale falsely certified by the defendant, Harter, and which certificate of ownership he would have been wholly unable to obtain except for the false certification upon said Bill of Sale by the defendant, Harter, as Notary Public.''

Demurrers to the petition as amended and motions to make it more specific were overruled. Harter filed an answer in three paragraphs, pleading, first, a traverse; second, that by signing and delivering to Price this bill of sale, plaintiff made Price his agent and vested title to the automobile in Price, and thereby estopped himself to deny Price's authority to dispose of the machine, and, third, that the plaintiff's loss was due to his own negligence in intrusting the machine to Price under the circumstances he did. By amendment he alleged that plaintiff took, accepted, and still held the note of Price for $700, due three days thereafter, in full payment for the automobile.

The American Surety Company filed an answer and a cross-petition against Louis F. Millet and Herbert Hudson, in which, by way of answer, it made similar allegations to those made by Harter, and by way of cross-petition alleged its total liability on this bond was $1,000, and further alleged the cross-defendant, Louis F. Millet, has made a claim against this defendant under said bond in the sum of $450 under action numbered 195851, and the cross-defendant, Herbert Hudson, has a claim against this defendant under said bond, although suit has not been filed on said last-mentioned claim, and by appropriate pleading it sought to limit its total liability to $1,000. Replies made the issues.

At the conclusion of the evidence, the plaintiff had proof in the record to sustain his petition and had admitted the receipt and retention of the $700 note, which he explained by saying it was not in payment for his automobile but was given him, so he thought as a receipt for it; that Price was to finance the car for $795, of which plaintiff was to have $700. Price was to get the remainder and plaintiff was to authorize the bill of sale on the spot. We suppose he means by this he was then to acknowledge and swear to the bill of sale. The court directed a verdict for the defendants. The single ground

upon which plaintiff sought a new trial, and upon which he now seeks a reversal is:

"The court erred in giving to the jury a peremptory instruction to find for the defendants."

The trial judge, when he gave this instruction, said:

"Careful consideration of all the evidence in this case fails to develop in the mind of the Court, as at present advised, any issue of fact to submit for your determination.

"It appears that plaintiff Boden, and the defendant Harter, were both imposed on by Price, the former to his loss and the latter without profit to himself. Plaintiff Boden put into the possession of Price an automobile and a blank bill of sale thereto, signed by himself, and received in return an apparently worthless note of Price for $700. Documentary evidence thus far indicates a sale and delivery of the machine and passage of property from Boden to Price for a piece of valueless paper.

"Plaintiff Boden says that he did not pass title to the machine to Price, but that the latter's note was in reality a receipt for the property, which he turned over to Price only as his selling agent to dispose of for him, it being understood that he (Boden) would acknowledge execution of the bill of sale if and when the proposed sale was completed.

"But plaintiff Boden did, by his own action, however construed, put it in the power of Price to steal or convert the machine to his own use.

"The action of defendant Harter in notarizing this bill of sale at the request of and to oblige Price would appear careless and negligent and not to be commended, but does not make him party to the fraud, deceit, or dishonesty of Price; nor did it enable Price to deprive plaintiff of possession of the machine or to remove it to another state.

"It seems to the court that the act of the defendant notary Harter complained of was at most a remote and not the proximate cause of the alleged infidelity of Price in converting the machine of plaintiff and disposing of it in Cleveland, Ohio. The law permits recovery of only such damages as proximately result from wrong, and the claim of plaintiff Boden herein seems to the court not to sufficiently

measure up to that requirement. If the defendant Harter is not liable, neither is his surety."

We regard the court's action in directing a verdict for the defendants as erroneous. Whether Harter's was the proximate cause of Boden's loss or not is a matter about which reasonable men may differ under the evidence. Chapter 90 of the Acts of the General Assembly for 1920 is an act entitled in part, "An Act relating to vehicles; . . . preventing illegal traffic in motor vehicles," etc. Provisions regarding the registration and transfer of such vehicles will be found in its sections 2, 3, 3e, and 20, which are now embodied in sections 2739g-2, 2739g-13, 2739g-14, 2739g-65, Ky. Stats.

The act does not say in express terms the sale or transfer of an automobile by a method different from that outlined in those sections of the statute is void, but it does make the sale without compliance therewith a misdemeanor and a penalty is provided therefor, and by these provisions a compliance therewith is made necessary for the registration of the machine, and as by section 2739g-2 the operation of it without registration is forbidden and by section 2739g-65 a penalty for so doing is provided, it follows that a sale without a compliance therewith is, to say the least, not likely to be accomplished. The presumption is Boden did not intend to commit a misdemeanor and to justify a directed verdict for the defendants there must be evidence to overcome this presumption and to establish Boden intended by what he did to vest the title to this automobile in Price at once, without swearing to the bill of sale. If such were his intention, then he contemplated and intended to commit a misdemeanor, and if there were no evidence but the note and the signed but unverified bill of sale, reasonable men might differ about whether he intended then and thereby to pass title and to violate the law, and certainly such men might differ after hearing the positive evidence of Boden that he did not.

Section 470 does not make an oral contract for sale of real estate void, but it provides no action shall be brought upon such a contract, and these sections, while not expressly making the sale of an automobile without complying with them void, do prevent the purchaser from using or registering a machine so purchased, thus cutting him off from beneficial use of the machine so that reasonable men might differ about whether Price

intended to purchase the machine under what was done, if Boden were foolhardy enough to attempt to transfer the title in that way.

To make this a sale, Boden must have intended by what he did to pass the title to this machine without doing anything further and Price must have intended to get title and to purchase (not to steal) the machine without doing anything further. Boden testified he expected before this sale was complete to appear before an officer and verify the bill of sale. We certainly must presume Price intended this bill of sale should be verified, for he forthwith took it to Harter, and Harter without Boden's being present attached his official certificate that Boden did appear before him and did subscribe and swear to the document. That was false and Harter admits it was false. That was an official act of Harter's for which he and his surety are responsible to any one who sustained a loss thereby. Whether or not this act of Harter's was the proximate cause of Boden's loss was a question for the jury.

In Fullenwider v. Brawner, 224 Ky. 274, 6 S. W. (2d) 264, 266, we said:

> "The proximate cause of an injury is not a question of science or legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it, and, like any other question of fact, it is ordinarily, but not invariably, a question for the jury to determine. It is a question for the jury when there is a conflict in the evidence respecting it, or if conflicting conclusions may be derived therefrom."

To sustain the action of the trial court the defendants cite this, which is taken from the opinion in Moore v. Wilson, 230 Ky. 49, 18 S. W. (2d) 873, 874, where we said: "Though liability may be incurred under its penal provisions, our statute does not provide that a failure to comply with its provisions will render the sale void. In our opinion, it was adopted as a police measure, is merely regulatory in character, and neither a compliance nor a noncompliance with its terms can be regarded as always conclusive of the question of ownership or title." Under like circumstances a piece of real estate was subjected. See Doss v. Woodson, 206 Ky. 252, 267 S. W. 156.

That is not all there is in that Moore opinion. Further in it we said:

"Except as against innocent third parties, one may show that he purchased the machine from another, and that such other, though not holding under a bill of sale from the former owner, was the true owner of the machine."

It appears to us that any one who might have purchased this machine from Price under this unverified bill of sale might have had considerable difficulty in establishing Price was the true owner of the machine; so conceding but not deciding that he could, that suggests no defense to this action. Price did not operate that way. The defendants are liable, if at all, for what was done, not for what might have been done. That same argument was made in Aetna Cas. & Sur. Co. v. Com., 233 Ky. 142, 25 S. W. (2d) 51, 52, and this, which we said there is a complete answer to this contention: "It is argued that the deed was signed by mark in the presence of two witnesses, and the fraud could have been perpetrated without the notary's certificate. But that was not the course of conduct followed by the perpetrators of the fraud. The notary public acted officially, attached his certificate to the instrument, and thereby helped to deprive Mrs. Andres of the title to her farm." A proximate cause does not have to be the sole cause. Nelson Creek Coal Co. v. Bransford, 189 Ky. 741, 225 S. W. 1070. An officer and the surety on his bond are liable on his bond for failure of the officer to properly discharge his duty. Title G. & S. Co. v. Com., 141 Ky. 570, 133 S. W. 577.

We have expressed no opinion upon matters of defense as the trial never reached that state. The plaintiff is awarded a new trial. The judgment is reversed.