## American Surety Company of New York v. Boden.

## Same v. Standard Motor Car Sales Company.

(Decided May 17, 1932.)

Appeals from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

J. H. GOLD and EUGENE R. ATTKISSON for appellant.

WOODWARD, HAMILTON & HOBSON for appellee S. D. Boden, Jr.

MORRIS B. GIFFORD for appellee Standard Motor Car Sales Co.

OPINION OF COURT BY STANLEY, COMMISSIONER—Affirming.

These suits against D. C. Harter, a notary public, and the American Surety Company, surety on his bond,

by S. D. Boden, Jr., and by William Bass and another, as partners under the firm name of Standard Motor Car Sales Company, are for damages sustained by reason of the false and wrongful certification on automobile bills of sale that Boden and Herbert Hudson had sworn to them before him (the notary). The causes being identical in nature, and seeking to recover against a common fund represented by the penal sum of the notary's bond, they were tried together. Judgments having been rendered against the defendants, appeals are prosecuted by the surety on the same record.

Upon the issues submitted, the jury returned a verdict for $500 in favor of Boden, and, under peremptory instructions, a verdict for a similar amount in favor of the other plaintiffs. Since the entire liability under the bond was $1,000, Boden reduced his judgment to $436.25, which, with interest and costs, amounted to $500.

1. This is the second appeal of the Boden case. On the first trial a directed verdict was rendered for the defendants. Judgment was reversed on the ground that the evidence was sufficient to take the case to the jury on the issue as to whether the act of the notary public was the proximate cause of plaintiff's loss. Boden v. Harter, 240 Ky. 138, 41 S. W. (2d) 920. Boden placed his automobile in the hands of one Price for sale, and, upon suggestion that it would be well to have a signed bill of sale to show good faith to prospective customers, Boden gave him a signed, but otherwise blank, bill of sale for the machine with the understanding that when a sale had been made he (Boden) would swear to the instrument. Price filled in the blanks showing a sale of the automobile to himself and presented the paper to Harter as a notary public. Without ever having seen Boden, Harter, in his official capacity, falsely and wrongfully certified by jurat that Boden had personally appeared before him and sworn to the bill of sale, which evidenced his unincumbered title and its transfer to Price. Thus armed, Price had the license of the machine and the title thereof registered in his own name in the office of the county court clerk of Jefferson county, and then took the car to Cleveland, Ohio, and sold it to an innocent purchaser. He became a fugitive from justice after indictment for the fraud. Boden testified that, as a receipt for the car delivered, Price gave him a three-day promissory note for $700, the agreed net sum for which he was willing to

sell the car; and it was understood that when a sale should be consummated and the money paid him this note would be surrendered to Price. The defenses to Boden's suit were that he was guilty of contributory negligence in selecting his agent and in thus putting the bill of sale in the hands of Price, thereby enabling him to perpetrate the fraud; also that he had in fact sold the machine to Price and accepted the note in payment.

It is argued that the defendants were entitled to a peremptory instruction, but that point is concluded by the former opinion. On this trial the court submitted the issue of proximate cause in an instruction not criticized. He also submitted the issue as to whether or not the transaction was a sale to Price with the intention to vest title in him. The appellant says the court should have given an offered instruction to the effect that a legal sale of an automobile might be made between the parties without a bill of sale being sworn to, but we are of opinion that the instruction given on this point was sufficient.

The appellant contends that it was entitled to an instruction based upon negligence of the plaintiff in choosing his agent and putting it in his power to transfer title to the machine, and whether that negligence was the sole or a contributing cause for his loss. Cases are cited to sustain the proposition, but they are distinguishable as being actions founded upon negligence of the notary, such as in taking the acknowledgment of an imposter without using due care to ascertain that the person before him was who he purported to be. See Commonwealth for use of Green v. Johnson, 123 Ky. 437, 96 S. W. 801, 124 Am. St. Rep. 368, 13 Ann. Cas. 716; Blaes v. Commonwealth, 96 S. W. 802, 29 Ky. Law Rep. 908.

As stated, this action was not founded upon a plea of negligence, but upon the deliberate and wrongful act of the notary public. There can be no contributory negligence without negligence on the part of another. The term presupposes negligence for which the defendant in an action is responsible and which would of itself sustain a cause of action. But if the act of the defendant Harter should be regarded as a species of negligence and the act of Boden in placing the signed but unsworn bill of sale in the hands of Price be likewise classified, it could not be said that his negligence induced the officer to make a false certificate respecting the administration of an oath to him. His carelessness did not authorize the wrongful

act and official misconduct of the notary. Although Price had possession of the automobile and of the signed bill of sale, he could not have had the record title and license transferred to himself without the certificate of the officer that Boden had properly sworn to it. Kentucky Statutes, secs. 2739g-13, 2739g-14. It was this certificate that enabled Price to perpetrate the fraud. ''It is not necessary that the wrongful act of the notary shall be the sole cause of the loss. If it is a concurring cause and plays a part in bringing about the injury, the liability for the loss is fixed.'' Æltna Casualty & Surety Company v. Commonwealth for Use of Andres, 233 Ky. 142, 25 S. W. (2d) 51, 52. The duties and liabilities of a notary public are fully treated in that opinion.

2. The facts in the other case are, briefly, these: Herbert Hudson advertised that he had an automobile for sale, and Price answered. After making some inquiry as to Price, he delivered his car to him for sale as his agent, and was given a three-day note as evidence of its delivery, similar to that given Boden. The next day Price reported that he thought he had a purchaser, and had Hudson pay off a lien debt on it; but Hudson says he did not give him a bill of sale for the car as did Boden. However, he presented to Harter a bill of sale bearing Hudson's name, and Harter, as a notary public, certified that Hudson had sworn to it before him. On Saturday Price called and told him to come around and fix up the papers as he had sold the car. But, when he went to his place of business on Monday, Price and the automobile had disappeared. With the bill of sale bearing Harter's false certificate, Price had title to this automobile transferred to himself and took it to Cleveland where he offered it for sale to the appellee Standard Motor Car Sales Company. That company investigated the records in Cleveland and found that Price had duly registered the car there under the certificate of ownership given him by the Jefferson county court clerk. Price gave them a bill of sale bearing a Cleveland street address and also requested payment in cash as he was a stranger in the city. After the sale was completed, Bass, one of the partners, noticed the name of a Louisville automobile company on the tire cover, and called that company to inquire about the machine, and learned that it had been stolen. The Standard Motor Car Sales Company, notwithstanding this information, sold the car to one Lombardo. Hudson filed suit against Lombardo for

possession of the car, and he brought into the action the Standard Motor Car Sales Company, who seems to have defended on the ground that the delivery of the car and the acceptance of the note by Hudson constituted a sale. However, Hudson recovered judgment for $750, which with costs was paid by the appellee. That company then filed suit against Harter and the surety on his bond as notary public alleging their loss by reason of the willful misconduct of the officer.

A general denial and plea of contributory negligence were the defenses made in this suit. The evidence of the witnesses introduced by plaintiff was relied upon to sustain them. At the close of the evidence the court directed a verdict for the plaintiffs for $500; that being the amount which they had paid Price for Hudson's automobile, although the entire loss and expenses incurred amounted to about $1,400. It is conceded that if any judgment at all should have gone for them it was the sum awarded.

The two propositions submitted for reversal of the judgment are that the defendants were entitled to a peremptory instruction, and that the court should have submitted the case to the jury on the issue of negligence on the part of the plaintiffs. The facts were not in dispute and the former and present opinion in the Boden case would seem sufficient response to the first proposition. For the reasons given, there could be no doubt that plaintiffs' loss was a proximate result of the false certification of the bill of sale or that the plaintiffs were innocent purchasers of the car. Their right to recover is clear unless the claims of the appellant should be sustained that (a) the plaintiffs were estopped to claim damage by reason of negligence in buying the stolen machine, or (b) that the notary public owed no duty to them.

(a) The only basis for the claim of negligence or estoppel is the fact that Price gave a Cleveland street address after saying that he was from Cincinnati, and that he demanded cash instead of a check for the proceeds of sale of the car to them, and that these things were sufficient to put the plaintiffs on notice that the car might be stolen, leading through investigation to an actual knowledge thereof. Over against this is the evidence that, about a month before, Price had visited the plaintiffs and represented himself as being a dealer in

secondhand automobiles out of Cincinnati, and that plaintiffs had purchased a car from him, which proved to be a legitimate transaction. A short time later Price offered them another car, but they could not agree upon the price, and he sold it to a neighboring dealer. When he offered Hudson's car on this occasion, the plaintiffs inquired of their neighbor as to their experience with Price, and found it to have been satisfactory. They made investigation, and, as stated, found that upon the record of his ownership of the machine obtained through the certificate of the county clerk of Jefferson county, Ky., he had registered the car in Cleveland. There was nothing suspicious about this transaction. The fact that one claiming to live in Cincinnati but dealing here and there in secondhand automobiles, as he stated, should give a local address and ask for cash instead of a check, since he was a stranger in the city, becomes insignificant in view of other facts, and in our opinion was not sufficient to charge the defendants with notice.

(b) The duty of a notary public in acting officially is not confined to the one to whom he directly renders service. His duty is to the public and those who may be affected by his act. The public has the right to rely upon the verity of a certificate, and, if one sustains injury as the proximate cause of a willful violation of his official duty with respect to that certificate, the officer becomes liable to him under his bond. Samuels v. Brand, 119 Ky. 13, 82 S. W. 977; Commonwealth for Use of Green v. Johnson, supra; Ætna Casualty & Surety Company v. Commonwealth, Etc., supra; 21 R. C. L. 335; 46 C. J. 528; Annotations, 18 A. L. R. 1302; 34 A. L. R. 74; 61 A. L. R. 807, and 68 A. L. R. 375.

We approve the following statement taken from 18 A. L. R. 1302:

"The functions of a notary public are not to be lightly assumed. A certificate of acknowledgment is an act which must, in the nature of things, be relied on with confidence by men of business. Those buying or taking security by way of liens on real estate ought not to be required to look with suspicion on such a certificate, or compelled to take proof of its recital as to the notary's personal acquaintance with the acknowledger. Figuers v. Fly (1916), 137 Tenn. 358, 193 S. W. 117."

Where an officer, by wanton misconduct, starts on its way in the commercial world a false certificate upon which the public has the right to rely, he ought to be held responsible for all proximate consequences, not only to the person who takes immediately and directly under the instrument bearing the certificate, but to every one damaged as the proximate result of it.

It is fair to Harter to say there is no intimation in the record of any criminal collusion with Price. The latter appears to have secured his confidence, and he merely relied upon his representations that Boden and Hudson had signed the papers. However, his act was willfully done, and was a violation of his official duty and the covenants of his bond, and he should suffer the consequences.

The two judgments are affirmed.