## Chesapeake & O. Ry. Co. v. Hay.
(Decided Dec. 3, 1935.)

HUNT & BUSH, RUFUS LISLE and J. C. JONES for appellant.

LESLIE W. MORRIS and MARION RIDER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Mrs. Mary Belle Hay brought this action against the Chesapeake & Ohio Railway Company to recover damages for injuries received by her while a passenger on one of its trains. The accident occurred on the night of September 8, 1926.

On the first trial she recovered a judgment for $2,600, which was reversed on account of erroneous instructions. Chesapeake & O. Ry. Co. v. Hay, 248 Ky. 69, 58 S. W. (2d) 228, 231. On the second trial she recovered a judgment for $1,500, which the railway company seeks to reverse on the following grounds: (1) Error of the trial court in overruling its motion for a peremptory instruction; (2) the verdict is flagrantly against the weight of the evidence; (3) error of the court in submitting to the jury the question of permanent injury; and (4) the verdict is excessive.

The facts are stated fully in the opinion on the former appeal. Mrs. Hay's theory is that the employees of the railway company in charge of the train negligently stopped it so suddenly and violently as to cause her injury, while appellant's theory is that the train was not stopped at the time Mrs. Hay was injured, nor was it negligently given a violent, unusual, or unnecessary jerk which caused her injury.

On the former appeal it was held that on the dis-

puted facts Mrs. Hay was clearly entitled to have the case submitted to the jury. Unless the evidence introduced at the second trial differed materially from the evidence on the first trial, the opinion on the first appeal is the law of the case and the railway company is now precluded from complaining of the action of the trial court in submitting the case to the jury. Correll v. People's Bank of Science Hill, 246 Ky. 356, 55 S. W. (2d) 8; American Surety Co. of New York v. Boden, 243 Ky. 805, 50 S. W. (2d) 10; Commonwealth Life Ins. Co. v. Goodnight's Adm'r, 235 Ky. 699, 32 S. W. (2d) 25; Black Star Coal Co. v. Garland, 235 Ky. 204, 30 S. W. (2d) 900.

Appellant contends that the evidence on the second trial differed materially, in that Mrs. Hay and her daughter, Eugenia, testified at the first trial that there was a sudden and unnecessary jerk or lurch of the train, while at the second trial, Mrs. Hay testified to the effect that the train was suddenly and instantaneously stopped. The testimony of these two witnesses was substantially the same at the two trials. They merely employed different words to express the same thought. At the first trial Mrs. Hay testified that the train stopped suddenly, and describing the nature of the stop said:

> "It stopped so suddenly, was no whistle, no crunching of brakes, no slowing up, just simply a thing that happened. * * * It was most violent, most unexpected, most unanticipated. * * * It was sudden and violent, instantaneous."

On the second trial she said:

> "The train gave a stop without the whistle or grinding of brakes or anything to indicate to me that it was anticipated. It was instantaneous."

On the first trial Miss Eugenia Hay said:

> "We were going along at an even rate of speed, didn't seem to be any slowing down before we stopped, just stopped suddenly, an unnecessary jerk."

On the second trial she described the occurrence as follows:

> "It was a very sudden stop, very violent. The train was going along very calmly and smoothly,

and all of a sudden it just stopped with a jerk without any reason that we know of.''

The facts found in the two transcripts are substantially the same, and the differences pointed out by appellant are not sufficient to warrant a departure from the law of the case announced on the first appeal. Appellee and her daughter testified positively that the train stopped suddenly and with a violent, unnecessary jerk, while the train employees testified as positively to the contrary. The evidence was in sharp conflict, and the jury was the proper tribunal to try the issue of negligence. The evidence was sufficient, as indicated in the opinion on the former appeal, to authorize the submission of the case to the jury and to sustain its verdict.

Appellant contends that the evidence was not sufficient to establish permanent injury of Mrs. Hay or permanent impairment of her power to earn money, and the trial court, therefore, erred in submitting this question to the jury. The instruction on the question of permanent impairment of Mrs. Hay's power to earn money was given on the first trial, and on the former appeal it was argued that the evidence was insufficient to authorize it. The instruction was based on the testimony of Dr. Patterson, who predicated his opinion that her injury was permanent upon certain declarations she had made to him. It was said in the opinion on the former appeal that it was not clear from Dr. Patterson's testimony at what time he heard these statements, and that unless they were made to enable him to diagnose and determine the extent of her injury, they were inadmissible. In discussing this question, the court said:

"Whatever was said by Mrs. Hay to Dr. Patterson to enable him to diagnose and determine the extent of her injury, and to enable him to prescribe the proper remedy in his view for her treatment, was admissible, but not otherwise. Hill's Adm'x v. North America Accident Ins. Co., 185 Ky. 520, 215 S. W. 428. The rule admitting such evidence rests logically upon the necessity of the case, and it must stop with the necessity for it. If it was necessary for him to know the facts above indicated to enable him to treat her, and she related her experience respecting these symptoms for that purpose, it was proper to admit his testimony detailing them. Hill's Adm'x v. North America Accident Ins. Co.,

supra. If her statements as to these subjective symptoms were not made while she was seeking or receiving medical treatment from him, but were made to him subsequent to his treatment of her injury, it would be improper for Dr. Patterson to narrate her statements to the jury. Louisville & N. R. Co. v. Smith, 84 S. W. 755, 27 Ky. Law Rep. 257. With these rules in mind, the court should determine the admissibility of the testimony of Dr. Patterson, and accordingly determine in the light of the other evidence bearing on the topic the propriety of the giving of the instruction authorizing damage for the diminution of her power to earn money, as the direct, proximate result of her injury.''

On the two trials Dr. Patterson testified that he examined Mrs. Hay's hand a day or two after the accident, and found the fourth finger on the left hand was very much inflamed and giving her pain, and that the nail was also disturbed. She continued to complain of great pain in her finger, and he stated that in his opinion due to the fact that Mrs. Hay was suspended by the index finger, the tendons in her wrist and arm were strained and the nerves affected. He continued to treat her for a period of two years, and he testified that her injury was permanent. He also testified on the second trial that the statements to him by Mrs. Hay, upon which he partially based his opinion, were made at the time he was treating her for the injury. His testimony, when tested by the rule announced in the opinion on the former appeal, was clearly admissible, and when coupled with the testimony of Mrs. Hay authorized an instruction on the question of permanent injury.

It is suggested that impairment of earning power does not necessarily result from a permanent injury, and since there was no evidence that appellee's earning power had been affected, an instruction on that question should not have been given, although there was evidence tending to show the injury was permanent. Mrs. Hay testified that the muscles of her finger, hand, and wrist were materially weaker as a result of the accident, and that she was unable to use her hand in performing many household duties. Dr. Patterson testified that the muscles of her finger, wrist, and arm had been stretched, and the use of her hand was materially impaired. He

based his opinion not only on the subjective symptoms reported by Mrs. Hay, but on his examination of her hand. He stated positively that the injury was permanent.

In passing on the propriety of an instruction on the impairment of earning power where there was evidence showing that the plaintiff had suffered a permanent injury, this court said in Gretton v. Duncan, 238 Ky. 554, 38 S. W. (2d) 448, 450:

"The further point is made that no instruction authorizing a recovery for permanent impairment of the power to earn money should have been given because no impairment was alleged or proved. While in an action for personal injuries evidence of earning power is always admissible, neither allegation nor proof of specific pecuniary loss is indispensible to a recovery. Permanent impairment of earning power is merely the test to be applied by the jury in determining the compensation to be awarded for permanent injury, and, where permanent injury is alleged and shown, permanent impairment of power to earn money follows as a matter of course. To what extent is a question for the jury to be determined by the application of their common knowlege and experience to the facts and circumstances of the case."

To the same effect are Fry & Kain v. Keen, 248 Ky. 548, 59 S. W. (2d) 3; and Heil v. Seidel, 249 Ky. 314, 60 S. W. (2d) 626.

It is finally contended that the verdict is excessive. The amount of damages to be awarded was primarily a question for the jury, and its verdict should not be disturbed unless it appears to be so excessive, when all of the facts are considered, as to indicate that the jury was influenced by passion or prejudice in making the award. Many cases are cited by both parties in support of their respective arguments as to the reasonableness or unreasonableness of the verdict, but reported cases afford little assistance, since the facts of two cases are rarely similar. In determining the reasonableness of a verdict for damages for personal injuries, each case must stand on its own facts.

The proof indicates that the injury to Mrs. Hay's hand was permanent and caused her great physical

suffering. She testified that she suffered great pain after the accident, and at the time of the second trial, which occurred more than eight years after she received the injury, she still suffered pain at intervals.

When the evidence as to the pain and suffering is coupled with the evidence tending to show that the injury is permanent, we are unable to say that the verdict is excessive.

Judgment is affirmed.