## LYON v. KREBS.

1. Where, upon a motion to enter satisfaction of a judgment, the record and decree in a Chancery cause, between the same parties, was offered in evidence by the defendant, as an answer to the motion, and the court decided, that the precise point then before it, was decided in that suit, and was a bar to that motion, this court cannot review the decision, unless the proceedings in the Chancery cause are before it. It will make no difference that the court had previously committed an error, which would have been sufficient to reverse the cause. The error was immaterial, if the court was correct in the effect it ascribed to the decree in Chancery, and it devolved on the party complaining of it, to show affirmatively that the court erred.

Error to the Circuit Court of Mobile.

THIS was a petition for a supersedeas by the plaintiff in error, and motion to enter satisfaction upon an execution, which had issued against him and others.

Pending the trial of the motion, it appears from a bill of exceptions, that the defendant, to support his motion, read

the petition and the answer thereto, and also introduced evidence which, in the opinion of the court, was sufficient to prove that the judgment was paid and satisfied after its rendition, and before the spring term, 1844, of the court, and the plaintiff in opposition, and as a bar to the same, produced to the court the bill, answer, and decree, in a cause in Chancery, and as a further bar, produced the record of a motion in this cause, at the spring term, 1844, of the Circuit Court, and the judgment thereon, and thereupon the court was of opinion, and decided, that the said judgment so rendered by the court, at the spring term, 1844, was a bar to the present motion, and was conclusive and binding as to the merits of the motion, and that the evidence to prove payment and satisfaction, was inadmissible, to which opinion the defendant excepted.

The record of the motion referred to in the bill of exceptions, was a motion by the defendant to quash an execution issued in the cause, which at the spring term, 1844, was overruled by the court, because the facts were not sustained by the record, but proposed to be proved by parol. The proceedings in the Chancery cause referred to, are not found in the record.

The judgment entry is as follows: This day came, &c. and thereupon the defendant produced, and submitted to the court, the petition for a supersedeas, and the answer of the plaintiff thereto, and the said plaintiff produced the judgment rendered in this cause, at the spring term, 1844, of this court, on the motion of the defendant then made, and also the record of the proceedings and decree had before the Court of Chancery for the first district of the Southern Chancery Division of the State of Alabama, on a bill filed by the said Lyon, praying an injunction to the collection of the money in this cause, on the same ground as now urged, and the court now being of opinion, the record, decree and judgment, are upon the same subject matter, and are conclusive upon the present motion; it is therefore considered by the court, that the supersedeas be dismissed, &c. This is now assigned as error.

STEWART and HOPKINS, for plaintiff in error, contended,

that the court erred in deciding, that a judgment on a motion to quash an execution, was a bar to a subsequent motion to enter satisfaction, and that this error was not cured by a recital in the judgment of other matters, not shown in the bill of exceptions. That as it was evident the court committed an error in the decision it made, it devolved on the other side to show affirmatively the fact relied on by the court as the foundation of its judgment.

CAMPBELL and P. HAMILTON, contra. It is the duty of the party alledging an error, to show it affirmatively on the record. Every reasonable presumption must be made in support of the judgment. It appears that the proceedings in a Chancery suit, were in evidence, and if they did not authorize the judgment of the court below, that fact should be made to appear to this court. They cited 7 Ala. Rep. 29, 784; 6 Id. 888; 1 Id. 515; 2 S. & P. 141; 3 Id. 431; 1 Hill, 132; 3 Litt. 14.]

ORMOND, J.—It is very clear, that the court erred in holding, that the decision upon the previous motion to quash, was a bar to the subsequent motion to enter satisfaction upon the execution. It further appears, that the plaintiff as an answer to the motion, offered in evidence the proceedings and decree in a suit in Chancery between the same parties, and upon this the court in its judgment relies, as an adjudication upon the same point, between the same parties. Assuming this to be so, it was an answer to the motion, and authorized the judgment which the court rendered, and in this aspect, the error which the court had previously committed would be immaterial, as it could not prejudice the defendant, if upon the other facts shown to the court, he was not entitled to succeed in his motion.

The propriety of the judgment of the court, evidently depends upon the facts put in issue in the Chancery cause, and the decree of the court made thereon, and it is obvious that the judgment cannot be revised without the Chancery record. This, for some cause, is not made a part of this record; and in our opinion, it brings the case within the well known rule of this court, that a party complaining of error in a judg-

ment, must show it affirmatively upon the record, as otherwise the presumption will be, that the decision is correct. See the authorities cited by the defendant in error.

The counsel for the plaintiff in error insist, that they bring themselves within this rule, by showing an affirmative error upon the record; and that the effect of this cannot be neutralized, by a reason assigned by the court for its judgment. This proposition is, in terms, doubtless true, but in this case, it does appear from the bill of exceptions, that the proceedings in the Chancery suit were in evidence before the court, and to this evidence the court in its judgment refers as the basis of its decision, ascribing to it the effect of an adjudication upon the precise point again attempted to be put in litigation. If in this the court was mistaken, the proceedings in the Chancery suit should have been put upon the record, that the judgment might be revised. As the matter now stands, it is merely the assertion of counsel, against the decision of the court, and we certainly cannot be expected to take for granted, that the record of the Chancery suit is not entitled to the effect ascribed to it by the court.

It is worthy of remark too, that this class of cases resemble much more a proceeding in Chancery, than a suit at law. The motion is a substitute for the *audita querela*, and is addressed to the equity of the court. The formal entry of judgment therefore, is entitled to more consideration, so far as it recites facts, or assigns reasons for the judgment, than the entry of a judgment in a suit at common law, which is nothing more than the conclusion of law, pronounced by the court as its minister, upon facts ascertained by the jury, or admitted by the pleadings.

We must decide cases in this court, upon the record as presented to us, and from this record we are unable to say, that any error has intervened, pejudicial to the plaintiff in error. The judgment of the court must therefore be affirmed.