# St. Clair County v. Smith.

*Action against County by County Registrar for Registration Fees.*

1. *Registration fees to county registrar ; not allowed by act of 1893.*— The statute approved February 11, 1893, enacts a new general registration and election law, covering the whole subject matter, (Acts of 1892-93, p. 837); and the fact that section 11 of such act, pertaining to the compensation of registrars, is inconsistent with section 332 of the Code of 1886, in that it provides no compensation for the county registrars, but only for the assistant registrars, places section 332 with-

in the repealing clause of the statute; and, therefore, a county registrar is not entitled to compensation for the performance of duties prescribed by the statute, and can not maintain an action against the county to recover the compensation allowed by section 332 of the Code.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

This action was brought by the appellee, M. M. Smith, against St. Clair County. The complaint was as follows : "Plaintiff claims of the defendant, a body corporate under the laws of the State of Alabama, the sum of sixty-four dollars and 56 cents ($64.56), due from it by account on the 6th day of August, 1894, being for compensation for services rendered said corporation as county registrar for said county for and during the year, 1894.

"Plaintiff avers that he presented to the honorable court of county commissioners an itemized and duly verified statement of said account at the August term, 1894, of said court, and that said claim was, by said court, wholly disallowed : hence this suit. Plaintiff further avers that this action is brought on an itemized statement of account verified by the affidavit of a competent witness, taken before and certified by an officer having authority under the laws of this State to take and certify affidavits."

The defendant pleaded the general issue, and upon this plea the cause was tried upon the following agreed statement of facts : "In this cause it is agreed by and between the attorneys for the parties, that on and prior to the 6th day of August, 1894, plaintiff was the duly qualified county registrar for the county of St. Clair, and as such officer had performed all the duties required of him by the laws of the State in and about the registration of electors for said county for and during the year 1894; that under his supervision there were on the 6th day of August, 1894, three thousand, two hundred and twenty-eight electors registered in said county, and that before the bringing of this suit the plaintiff presented his claim to the board of county commissioners for said county with an itemized statement of his account for said services as such registrar, duly verified and sworn to by plaintiff, taken and certified by an officer having authority to take and certify the same under the

[St. Clair County v. Smith.]

laws of the State of Alabama; that the said board of county commissioners refused to allow said claim or any part thereof for plaintiff's said services, and that no part thereof has been paid."

The court gave the general affirmative charge in favor of the plaintiff, and there were verdict and judgment accordingly. The defendant appeals, and assigns as error the giving of the general affirmative charge requested by the plaintiff.

JAMES T. GREENE, for appellant.—The new act providing for the registrars in the different counties covers the whole subject, and displaces the provisions of the old system, which results in the repeal of the old law. Therefore, section 332 of the Code of 1886, allowing compensation to county registrars, is repealed; and the registrar can not maintain an action against the county to pay him for services as such.—*State v. Duval County*, 3 So. Rep. (Fla.) 193; *Turnipseed v. Jones*, 101 Ala. 593; *U. S. v. Cheeseman*, 3 Saw. (U. S.) 428; *McRoberts v. Washburne*, 10 Minn. 23; 23 Amer. & Eng. Encyc. of Law, 485 b, note 4; 486, note 1; *In re Wheelock*, 3 N. Y. Sup. 890; *In re Alexander*, 3 N. Y. Sup. 892.

JOHN W. INZER and M. M. SMITH, *contra*.—There was no demurrer, or other objection to the complaint in the court below; the case was tried under the plea of the general issue, which was but a mere denial of the allegations of the complaint, and cast on the appellee the *onus* of proving the material allegations of the complaint. The record shows that every material allegation in the complaint was expressly admitted and agreed to; in and by the agreed state of facts. Hence the court below did not err in charging the jury to find for the plaintiff, if they believed the evidence.—*Petty v. Dill*, 53 Ala. 641; 3 Brick. Dig., 706, § 96.

There was no repeal of section 332 by the act approved February 11, 1893. The law does not favor the repeal of statutes, or any part thereof, by implication, and the provisions of a prior statute will not be declared repealed by a subsequent act by implication, unless the provisions of the two are so repugnant, irreconcilable and inconsistent that both can not stand. *State ex rel v. Bishop*, 41 Mo. 16; *Parker v. Hubbard*, 64

Ala. 203 ; *Roberts v. Pippen,* 75 Ala. 104 ; *Maxwell v. State,* 89 Ala. 150 ; *Cook v. Meyer Bros.,* 73 Ala. 580 ; *Smith v. Speed,* 50 Ala. 276 ; *Enloe v. Reike,* 56 Ala. 500.

HEAD, J.—Art. 2, Title 6, Chap. 1, Part 1 of the Code of 1886 contained the general laws of the State regulating the registration of electors, in force when the Code was adopted. They provided for the appointment of one registrar, in each county, whose only duties were to appoint one "assistant registrar" for each voting precinct or ward in the county, and to fill vacancies occurring in the offices of assistant registrars. All other duties pertaining to a registrar were imposed on these assistants, in their respective precincts or wards, independently of the county registrar. Throughout the law, the assistants were referred to as "assistant registrars." One section (332) read as follows : "*Compensation of registrars and assistants.* The compensation of registrars shall be two cents, and of assistant registrars shall be three cents, for each person registered, which shall be paid by the several counties in which such registration is made, as a preferred claim against the county ; and such claim shall be receivable in payment of county dues." The prior law (Acts, 1874–75) provided for a county and assistant registrars, with duties, respectively, of the same nature as those under the Code, and for compensation to the assistant registrars, but none to the county registrar.

On February 11, 1893, a new general registration and election law was enacted, covering the whole subject, embodying, in one form or another, such provisions of the existing laws as were desired to be retained, and introducing others, so as that the act, in and of itself, was a complete, operative system, without the aid of any provision of the existing law. By it, county and assistant registrars, with duties, respectively, of the same nature as under existing laws, were provided for. Throughout this act (except in the provision for their appointment), down to the 11th section, which provides for compensation, and thereafter, the assistants are referred to as "the registrars," and they are thus referred to in a number of instances. In section 11, the phraseology of section 332 of the Code was changed so as to read thus : "That the compensation of registrars

shall be three cents for each elector registered and certified as herein provided, which shall be paid by the county." That the "registrars," here referred to, are the *assistants*, can not be a matter of serious debate. Hence, we see, the legislature when acting upon the very subject of compensation, as an original and independent question, omitted to provide compensation for the county registrars and destroyed the preferred character of the claims of assistant registrars ; and the expression employed, *"the compensation,"* (following the same expression in section 332 of the Code) shows, of itself, the intention to exclude all other compensation, and renders the provision inconsistent with said section 332. So that, said section 332 really comes within the repealing clause of the new act. But aside from this, the new act is so general and complete, covering the whole subject, that it displaces the provisions of the old system. See authorities cited by appellant's counsel. It is apparent the legislature intended to restore the law to where it formerly was, and allow no compensation to county registrars for the simple duty of appointing assistant registrars.

As the complaint does not contain a substantial cause of action, there can be no recovery, although it was not demurred to. The case of *Petty a. Dill*, 53 Ala. 641, cited by appellee's counsel, does not apply.

Reversed, and judgment here rendered in favor of appellant.

Reversed and rendered.