No. 24,546.

CLARENCE L. BROWN and ORA E. BROWN, *Appellants*, v. N. E. GRAVES and THE KANSAS CASUALTY AND SURETY COMPANY, *Appellees*.

SYLLABUS BY THE COURT.

NOTARY PUBLIC—*False Certificate of Acknowledgment by Maker of Mortgage —Damages—Liability of Notary and Her Bondsman*. Where a notary public knowingly or negligently makes a false certification of an acknowledgment by the makers of a mortgage, whereby the mortgage is subject to registration and is registered, and the mortgage with the note which it secures is thereafter assigned to an innocent holder, such false certification of acknowledgment constitutes an actionable wrong for which the notary and her bondsman are liable in damages to the parties injured thereby.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed November 10, 1923. Reversed.

*G. A. Stultz,* and *John B. Bryant,* both of Wichita, for the appellants.

*D. W. Eaton, C. G. Yankey, W. E. Holmes, J. L. Gleason, F. B. Stanley,* and *Vincent F. Hiebsch,* all of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a notary public's bond for falsely certifying an acknowledgment of a mortgage by the makers thereof.

The plaintiffs' petition alleged and the opening statement of their counsel narrated that plaintiffs contracted with one Jones for a

loan of $1,500 on their homestead in Wichita. They executed a note and mortgage in favor of Jones and left these in charge of Jones, but did not acknowledge the mortgage before any notary public because the $1,500 was not immediately forthcoming. Later, at intervals during the next three months, Jones paid over to plaintiffs various sums of money aggregating $800. Meantime in some way, probably through some act or inducement of Jones, the defendant, N. E. Graves, a young woman having a notary's commission, got hold of the mortgage and signed and sealed her notarial certificate thereon, reciting that plaintiffs had appeared before her and duly acknowledged the execution of the instrument. The mortgage was then recorded, and Jones sold the note and mortgage before maturity to The Ranchmen's Trust Co., which had no notice of defective title or other infirmity in them. Plaintiffs' action against the notary and her surety bondsman is on the theory that if the notary had not falsely signed and sealed her false notarial certificate on the mortgage, it could not have been recorded and Jones would not have been able to dispose of the note and mortgage to an innocent holder, and their homestead would not have been pledged to the payment of $700 more than they owe.

The defendants demurred to plaintiffs' opening statement and objected to the introduction of evidence. The demurrers and objections were sustained.

Plaintiffs appeal.

It would seem that plaintiffs' pleadings and opening statement presented a cause of action. (*Bellport v. Harkins,* 104 Kan. 543, 180 Pac. 220, and citations therein.) It is true, of course, as argued by defendants, that the $1,500 note, being executed and left in Jones's custody, could have been negotiated by him to an innocent holder and plaintiffs would have been liable thereon, although no mortgage had been executed and regardless of the fact that it never was acknowledged, and plaintiffs' only recourse would have been an action against Jones. But without the false notarial acknowledgment, the mortgage could not have been recorded and their homestead thereby irrevocably pledged to the payment of $1,500 at the suit of an innocent holder.

Defendants argue that "plaintiffs admit that they executed and delivered the mortgage." On the contrary, plaintiffs' opening statement, in part, reads:

"All that the plaintiffs ever did was to sign this mortgage and leave it

there [with Jones] to be finished up and completed at a later date and that had not Miss Graves falsely and fraudulently in their absence placed an acknowledgment on this mortgage, that the mortgage could never have been recorded because it is one of the requirements that a mortgage or a deed must be acknowledged in order to entitle it to record and further that had it not been recorded—or acknowledged by Miss Graves, that The Ranchmen's Trust Company nor no other innocent third person would have bought this mortgage; in other words we now allege that the mortgage and note are in the hands of an innocent third party for value and we are bound to pay them under the law of negotiable instruments and had she not falsely placed this acknowledgment on that paper, it could not have gotten into the hands of an innocent third party because they would not have bought this paper— The Ranchmen's Trust Company would not have bought it. We specifically so allege and neither would any other innocent third party have bought this mortgage had it not been falsely and fraudulently acknowledged by the notary placing her seal and signature on an instrument which she had no right to acknowledge in the absence of either of the plaintiffs in this action. If we prove those facts, gentlemen of the jury, we will ask a verdict at your hands for the amount sued for in this action."

It may be that if the note had not been backed by a mortgage having an apparently regular acknowledgment, notarial certification, and registration, The Ranchmen's Trust Company, an innocent purchaser, would have bought the note and mortgage. But our concern is not with what might have happened but with what did happen. The note was good between the parties for $800 and the mortgage was good for the same amount, without a notarial certification and without registration. But it was good for no more. As the matter now stands, the mortgage binds plaintiffs' homestead for $1,500.

The notary perpetrated an actionable wrong on plaintiffs, and she and her bondsman must respond in damages therefor. (1 C. J. 902, and notes; 1 R. C. L. 308, 311.)

Reversed and remanded for further proceedings.