34 So.2d 1

UNITED BAPTIST CHURCH OF PRIMITIVE FAITH AND ORDER AT POPLAR SPRINGS v. GAUTNEY et al.

8 Div. 414.

Supreme Court of Alabama.

Feb. 19, 1948.

Marion F. Lusk, of Guntersville, for appellant.

J. A. Johnson, of Fort Payne, for appellees.

STAKELY, Justice.

On September 10, 1947, B. F. Gautney and others (appellees) filed the bill of complaint in this cause against United Baptist Church of Primitive Faith and Order at Poplar Springs (appellant) for the purpose of setting aside or modifying a decree which had been previously rendered on February 21, 1945, in the same court between the same parties and about the same subject matter. A church and church property at Poplar Springs in Marshall County, Alabama, was the subject matter of the first suit and is the subject matter of the present proceeding.

A copy of the decree in the first suit is attached to the present bill and is made a part thereof. That decree declares that United Baptist Church of the Primitive Faith and Order at Poplar Springs has been a church association since 1881 and has at all times continuously exercised its powers and privileges and since acquiring the church property in 1900 has at all times enjoyed the uninterrupted and undisturbed use of the property. That decree then made permanent a prior temporary injunction, forever enjoining B. F. Gautney and others (appellees here) from going on the property for conducting services of any nature or character or for use of the property for any purpose.

The present bill of complaint alleges the following as grounds for relief: "* * * said decree is very far reaching and working a great handicap, and much inconvenience and hardships on the complainants, causing them embarrassment and restraining them from the worship of God and the burial of their families, and in all said decree is now an injustice to these people, and should be now replaced and the injunction dissolved, or greatly modified so that justice can be done and these people live in peace and not have their liberties taken away from them."

Appellant demurred to the bill on the grounds that it affirmatively appears from the bill that the matters complained of have already been adjudicated between the parties, that complainants are estopped to assail the earlier decree and that there is no equity in the bill. The court overruled the demurrer. This appeal is from that decree.

The earlier decree rendered on November 21, 1945, was set forth in the bill of complaint. Accordingly the question of res adjudicata was properly raised by demurrer. Crowson v. Cody, 215 Ala. 150, 110 So. 46; Williams v. Williams, 202 Ala. 539, 81 So. 41. The questions now

sought to be reviewed and again decided have already been fully litigated between the same parties and are now res adjudicata. Authorities supra. No fraud or irregularity in the rendition of the decree of November 21, 1945, is alleged. The bill falls far short of being a bill of review or a bill in the nature of a bill of review. Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451; Winkleman v. White, 147 Ala. 481, 42 So. 411; Cowdy v. Hood, 248 Ala. 635, 29 So. 2d 121. On the averments of the present bill of complaint, the parties who are the appellees here are estopped from attacking collaterally in this suit the decree of November 21, 1945. Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14.

It is not out of place to say that courts interfere in church matters only to preserve and determine property rights. Caples et al. v. Nazareth Church of Hopewell Ass'n, 245 Ala. 656, 18 So.2d 383.

The demurrer to the bill of complaint should be sustained and a decree is here rendered to that effect. Thirty days from this date is allowed for amendment.

Reversed, rendered and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.