108 So.2d 335

**Ex parte William H. LANGE.**

**6 Div. 107.**

Supreme Court of Alabama.

Jan. 8, 1959.

Jos. S. Mead and Marshall S. Fitzpatrick, Birmingham, for appellant.

Sam L. Reames, Birmingham, for appellee.

STAKELY, Justice.

William H. Lange filed his petition in this Court for a writ of mandamus to be issued to the Honorable Robert C. Giles, Circuit Judge, in Equity, praying this Court to direct Judge Giles to vacate an order entered by him on December 7, 1956, and to reinstate an order entered by him on August 20, 1956.

The rule nisi was issued by this Court. This case was argued and submitted for decision in this court on the petition for mandamus to Judge Robert C. Giles and his answer to the petition. Although originally assigned to another Justice, the case was recently reassigned to the writer.

The facts alleged in the petition are that one Sara A. Lange died March 4, 1956, in Florida, leaving no descendants but leaving as her next of kin several brothers and sisters and descendants of deceased's brothers and sisters; that one of the sisters is Mary Wanninger; that petitioner, William H. Lange, is a child of a deceased sister of Sara A. Lange, deceased; that Sara A. Lange, deceased, left personal property in a safety deposit box in Birmingham, Alabama, in an amount exceeding $15,000. The petition further alleges that on March 5, 1956, the petitioner in company with Mary Wanninger found in said safety deposit box a paper purporting to be a will executed by Sara A. Lange, deceased; that said will was deposited in the Probate Court of Jefferson County and the petitioner, William H. Lange, filed a petition to probate the same in the Probate Court of Jefferson County, Alabama.

In the meanwhile with full knowledge of the existence of said will, Mary Wanninger and her attorneys filed a petition in the Probate Court of Jefferson County for letters of administration to be issued to Mary Wanninger; that the petition for

letters of administration averred under oath "that said decedent left no last will and testament insofar as known or believed by said Mary Wanninger"; that the petition was filed and letters of administration issued to Mary Wanninger on March 20, 1956.

As soon as petitioner, William H. Lange, learned of the issuance of letters of administration to Mary Wanninger, he, William H. Lange, filed a petition for her removal. The grounds assigned in the petition are:

1. That at the time said petition for letters was filed, there was a will in existence executed by decedent and that Mary M. Wanninger knew that said will was in existence and knew that said will named petitioner, William H. Lange, as executor.

2. At the time of the filing of said petition for letters, said will was in the safe of the Judge of Probate of Jefferson County.

3. That Mary M. Wanninger does not come within the purview of Title 61, § 81, Code of 1940.

Upon hearing of the petition for removal, G. C. Boner, Probate Judge, took the matter under advisement and ordered the property of the estate to be held in status quo. G. C. Boner subsequently resigned as Probate Judge without having decided the issues presented by petitioner's petition.

At the setting of the hearing of the petition for probate of said will, Mary Wanninger together with another sister and brother, filed a contest of the will on the grounds that it had been executed by decedent while she was an unmarried woman and that she had subsequently married; and upon the further ground that decedent had executed a subsequent will revoking the will offered for probate. The will contest was transferred to the circuit court as provided by law and is presently pending before said court not having been set for trial.

Under the Alabama discovery statute, petitioner took the deposition of Mary M. Wanninger. She testified that she knew nothing of the existence of a subsequent will, that she knew no person who could testify as to the existence of any subsequent will, and further that she had no knowledge of said decedent having married subsequent to the execution of the will offered for probate, and that she had no knowledge of any person's identity who had any knowledge of any marriage of decedent subsequent to the execution of said will.

On August 16, 1956, the Honorable Guy W. Hanna, Acting Judge of Probate, did, without formal order ex parte and without ruling on petitioner's petition to remove said administratrix, verbally instruct Mary Wanninger that it would be all right for her to enter into normal activities as administratrix and to expend monies of said estate.

Upon learning of this development, petitioner, William H. Lange, on August 17, 1956, filed a petition in the Circuit Court of Jefferson County setting forth and averring all the foregoing facts and praying for the removal of administration to the circuit court and for an order to hold the estate in status quo pending a hearing in the circuit court on the petition for removal of administratrix. Upon presentation of said petition to J. Russell McElroy, Circuit Judge, he ordered said administration removed and further ordered that Mary M. Wanninger and her attorneys be ordered to cease from performing any act with respect to the disposition of any of the assets of said estate until further ordered by the circuit court. On August 20, 1956, Judge Robert C. Giles entered an order providing as follows:

1. That the restraining order issued by Judge McElroy be retained in effect pending further order of the circuit court.

2. That Mary M. Wanninger, Administratrix, is directed to file with the Register an inventory of the contents of decedent's safety deposit box.

3. That said administratrix make and file with the Register not later than September 7, 1956, a full and complete inventory of all assets of said estate.

The solicitor for petitioner filed on August 23, 1956, an amendment to his petition for removal. The amendment alleged that petitioner is a nephew of said decedent and is a legatee under the will and in the absence of a will, is one of the heirs. The prayer of the petition was amended to add that upon a final hearing of said petition, said Mary M. Wanninger be removed as administratrix and that the court make other orders and decrees necessary to the conservation of the estate.

Mary M. Wanninger has failed to file any responsive pleading of any nature to the averments of petitioner's verified petition.

On November 28, 1956, Mary M. Wanninger filed a motion to rescind the restraining order. Said motion to rescind the restraining order was heard on December 7, 1956, by Honorable Robert C. Giles and on that date he entered an order modifying the restraining order as follows:

"It is, therefore, Ordered, Adjudged and Decreed that the Administratrix, Mary M. Wanninger, be, and she hereby is, authorized to pay out of such cash assets of the estate as may be in her hands, the routine and ordinary costs and expenses heretofore incurred by her in the way of premium upon her bond, costs of publication of notices, and the like. This authorization does not extend to the payment of any extra-ordinary or unusual fees, claims, or expenses, the Court being of the opinion that such matters should be reserved pending disposition of the pending petition to remove the Administratrix, and pending disposition of the contest of the alleged will of the decedent, now pending in this Court. The Court takes the view that, under the

restraining order aforesaid, the position of the Administratrix is substantially that of an Administratrix ad colligendum."

It is this last mentioned order which petitioner seeks to have vacated.

Respondent, Judge Robert C. Giles, answered fully, admitting some of the allegations and disclaiming knowledge of others, and concludes as follows:

"(C). This respondent was of the opinion that the petition of William H. Lange, filed in this Court on the 17th day of August, 1956, contained substantial equity, and so recognized in continuing the restraining order in effect, and respondent is of the opinion that it is probably good against demurrer. But this respondent knows of no authority under the law and practice of this State to summarily determine the validity of an alleged will while the same is depending upon a contest with a jury demand. Nor does this respondent know of any authority for removing an Administratrix by summary rendition of a decree on affidavits. The respondent was of the opinion that he could not with propriety, effectually ignore an order of a court of competent jurisdiction, i. e., the Probate Court of Jefferson County, granting letters of administration to the Administratrix pending a hearing on the merits on an issue of removal of the Administratrix properly joined in an orderly manner, though the Court was willing to, and did, drastically limit the exercise of the authority embraced in the letters in order to preserve the status insofar as that might be done consistently with having any administration pendente lite at all.

"Even in view of the serious charges made in the petition of Mr. Lange, seeking removal of the Administratrix, this respondent was, and is, of the opinion that it would be erroneous

prior to a plenary hearing on such charges, to hold the Administratrix to the duties and responsibilities imposed on her by law under the grant of letters, and at the same time deny to her all means of carrying out such duties. As stated in the order presently under attack, the respondent regards the Administratrix as occupying a position assimilable to that of an Administratrix ad colligendum, and knows of no authority to require such a special administrator to prepay and finance the collection and preservation of the Estate out of his or her own pocket.

"In the event, after hearing the evidence, it were to be concluded that the letters were procured mala fide and by suppression of a testamentary writing which the applicant for the letters had no reason to believe invalid, it might be that even such minimum expenditures as court costs, publication fees, and bond premiums might be disallowed on settlement and surcharge. This respondent expresses no opinion on that matter at this time.

"Respondent respectfully submits that the order entered by him for the Court on December 7, 1956, is not erroneous and should remain in effect pending hearing and determination of the petition of William H. Lange, for removal of the Administratrix, filed in this Court August 17, 1956, and that no peremptory writ of mandamus should issue as prayed, respondent respectfully saying that the matter of modification of the preliminary restraining order entered ex parte and without bond, so as to permit payment of publication costs and bond premiums already incurred, is a matter within the judicial discretion of this Circuit Court, and that the entire order of December 7, 1956, does not constitute an excess or abuse of such discretion,

but was and is a reasonable and proper exercise thereof.

"Inasmuch as the Administratrix has filed, on January 25, 1957, a petition to increase the amount of her bond and to pay the premium for the bond out of the assets of the Estate, this respondent respectfully solicits the judgment of the Honorable The Supreme Court of Alabama in the premises, and the opinion of its Justices, and will undertake to promptly enter appropriate orders in conformity therewith. Should the Court desire the full record of this court in considering the matter, the respondent will cause same to be transmitted to it."

■ I. The record in the case of Wanninger v. Lange, Ala.Sup., 108 So.2d 331,[1] is before us on appeal and we take judicial notice of the issues there presented for determination. Cogburn v. Callier, 213 Ala. 38, 104 So. 328.

The petition for mandamus now before us shows that a contest of the will of Sara A. Lange, deceased, by William H. Lange, was pending at the time Judge Giles made his order. The record in the foregoing case of Wanninger v. Lange, supra, shows that the will of Sara A. Lange, deceased, referred to in that case in substance bequeathed all of her property to her beloved foster son, William H. Dewey, who is generally known as William H. Lange. In the alleged will William H. Dewey was nominated to be the executor of the will with full power and authority to manage and dispose of the property of the decedent.

The record further shows that the contest of the will of Sara A. Lange, deceased, was tried before a jury who returned a verdict, "We, the jury, find the issues in favor of the proponent of the will, William H. Lange also known as William H. Dewey, and against the contestants Mary Wannin-

1. Ante, p. 402.

ger and Margaret F. Doren." The record further shows that judgment was rendered by the court in favor of the proponent of the will, William H. Lange, and against the contestants, Mary Wanninger and Margaret F. Doren.

 In seeking to pass on the petition for mandamus directed to Judge Robert C. Giles, we judicially know from the record filed in this court that the alleged will of Sara A. Lange, deceased, has been upheld. Since we have no information to the contrary, we shall assume for the purpose of this decision, that William H. Lange has been appointed executor of the last will and testament of Sara A. Lange, deceased, and accordingly any right or authority which Mary Wanninger may have had as administratrix over the estate of Sara A. Lange, deceased, has terminated. 21 Am.Jur. p. 456; Rogers v. State, 88 Ark. 451, 115 S.W. 156, 41 L.R.A.,N.S., 857, 894. Under § 320, Title 61, Code of 1940, Mary Wanninger should file her accounts and vouchers and make final settlement of her administration as administratrix. We have no information as to what has happened in the estate since Judge Giles amended his order, except that a judgment has been rendered upholding the will.

Although it seems to appear from the record before us that Mary Wanninger secured her appointment as administratrix of the estate of Sara A. Lange, deceased, through fraud and deceit, and ordinarily should be removed without reimbursement of any kind (Hall v. Santangelo, 178 Ala. 447, 60 So. 168), still upon a consideration of all the circumstances in the case and since the authority of Mary Wanninger has terminated, we do not consider it best at this time to require Judge Robert C. Giles to amend his order. Without further information before us, as he has pointed out, the actions of Mary Wanninger as administratrix can be considered as in the nature of an administratrix ad colligendum and any allowances claimed by Mary

Wanninger as administratrix can be considered when Mary Wanninger, as administratrix, files her accounts for final settlement of her administration.

Under all the circumstances we are not willing at this late date to issue a peremptory writ of mandamus to Judge Giles as prayed for in the petition now before us.

Peremptory writ denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.