**234**

130 So.2d 387

Rossie Rogers TAYLOR

v.

Lola TAYLOR, etc., et al.

6 Div. 420.

Supreme Court of Alabama.

May 25, 1961.

Rossie Rogers Taylor, appellant, pro se.

Lange, Simpson, Robinson & Somerville and Cabaniss & Johnston, Birmingham, for appellees.

GOODWYN, Justice.

This is a petition for a writ of certiorari to be directed to the register of the circuit court of Jefferson County, in equity. The object of the petition is to have included in the transcript of the record in the case of Rossie Rogers Taylor (complainant and petitioner) v. Dr. Lola Taylor, etc., et al., 6 Div. 420, (designated in the circuit court as case No. 102–210 and now on file in this court pursuant to an appeal taken by said complainant-petitioner), certain evidence which petitioner contends should not have been omitted from said transcript.

Petitioner filed in the Jefferson County equity court a bill of review, based on newly discovered evidence, to set aside the decree rendered by said court in case No. 88199, a will contest suit brought by petitioner against the same respondents as in case No. 102–210. The respondents' demurrer to the bill of review, as last amended, was sustained and the bill dismissed. It appears that the decree was based, at least in part, on the court's finding "that the evidence sought to be presented as newly discovered evidence is of itself cumulative merely and is not such as would warrant the court reaching a conclusion different than that reached in the original trial of the case." Petitioner has appealed from that decree and, as already noted, a purported transcript of the record has been filed here.

It appears that the pleadings in case No. 88199 are attached as exhibits to petitioner's amended bill and made a part thereof. In this connection, the bill also contains the following statement:

"(i) For the purpose and convenience of the Court, Complainant also refers to each paper and document filed and on record in said Cause # 88199, including the notes of testimony as noted by the Register on the former submission hereof which papers and documents and the listed pleadings constitute all of the record in this Cause #88199."

One of the prayers of the bill is as follows:

"(4) That the Court will read, note, and carefully consider all of the Com-

plainant's Testimony, of whatever kind, heretofore adduced and in evidence in said Case #88199, whether taken orally in open Court, or introduced by agreement of the parties, as noted by the Register of this Court; the newly discovered evidence, * *, and all of the evidence of all witnesses in said Cause * * *."

The question presented is whether the evidence of record in case No. 88199 should be included as a part of the record in case No. 102–210 which is on appeal here. There was no appeal in case No. 88199; hence, the proceedings in that case are not of record here.

 There is no clear indication from the trial court's decree sustaining the demurrer to the bill of review as to whether judicial knowledge, in fact, was taken of the evidence in case No. 88199. However that may be, it has been held that if a bill refers to another proceeding in the same court, "the court on demurrer should take notice of it as though set out in the bill." Crossland v. First National Bank of Montgomery, 233 Ala. 432, 172 So. 255, 256; Cogburn v. Callier, 213 Ala. 38, 104 So. 328. Here, the proceedings in case No. 88199 are specifically referred to in the bill and, in effect, became a part of it in the circuit court. Presumably, then, the evidence in that case was before the trial court when it reached the conclusion that the alleged newly discovered evidence is "cumulative merely and is not such as would warrant the court reaching a conclusion different than that reached in the original trial of the cause." If the effect of referring to the proceedings in case No. 88199 was to make them a part of the bill of review, then it follows that such proceedings should be included in the record of case No. 102–210 on appeal here. Unless included, the result will be that the trial court considered matters which will not be available to us in considering the appeal, since such proceedings are not of record here. Crossland v. First National Bank of Mont-

gomery, supra. We are at the conclusion that a writ of certiorari should be issued directing the register to include, in the transcript of the record of case No. 102–210, the evidence of record in case No. 88199. So ordered.

Writ awarded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.