191 So.2d 7

**Mary Margaret BUTLER et al.**

**v.**

**Melvin H. OLSHAN.**

**6 Div. 113.**

Supreme Court of Alabama.

Oct. 13, 1966.

Dominick, Fletcher, Taylor & Yeilding, Birmingham, for appellants.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellee.

COLEMAN, Justice.

Plaintiffs appeal from a judgment of voluntary non-suit induced by the action of the trial court sustaining demurrer to the complaint.

Plaintiffs seek to recover from defendant, Melvin H. Olshan, for loss of real estate allegedly caused by the wilful and intentional act of defendant in signing his name, as notary public, to a certificate of acknowledgment on a deed and thereby certifying that plaintiffs had acknowledged the execution of the deed when, in fact, plaintiffs had never acknowledged the execution before the defendant. Plaintiffs also seek damages for loss allegedly caused by defendant's false certification that plaintiffs did acknowledge to defendant that they had executed a mortgage on their homestead. As last amended, the complaint contains two counts.

### One-B.

In Count One-B, plaintiffs allege that on October 12, 1949, plaintiffs acquired a tract of land which they have since occupied as their homestead, except for a small portion which was conveyed to Bette R. Cohen as hereinafter set out.

On May 19, 1960, plaintiffs made a contract with Seymour L. Cohen whereby he undertook to make certain improvements on a residence located on the property. The contract price for the improvements was stated as $7,550.00. A first mortgage was to be arranged for the unpaid balance.

On August 31, 1960, Cohen requested plaintiffs to execute a conveyance of part of their homestead for a reduction of the debt to be due in the amount of $1,800.00.

Plaintiffs aver that "Cohen, falsely and fraudulently represented to Plaintiffs" that the part of their homestead so conveyed would be reconveyed to plaintiffs by Cohen and his wife, Bette R. Cohen, "at any future time" upon payment of $1,800.00 to the Cohens by the plaintiffs, and that Cohen's representation was false, was made with no intention at the time "to carry out said representation," and was made intentionally to deceive and defraud plaintiffs and to induce them to execute the conveyance.

Relying on Cohen's representation, on August 31, 1960, plaintiffs signed the deed which bears that date. The grantee in the

deed was Cohen's wife, Bette R. Cohen, who was named as grantee by Cohen for convenience, with no consideration passing from the wife to the husband.

Plaintiffs aver that the consideration for the deed was inadequate in that the property conveyed was worth more than $3,500.00.

Plaintiffs aver that defendant, Olshan, at some later time, signed his name as notary public on the deed and affixed his seal thereto, but he did not witness the signatures of plaintiffs, did not see or speak to plaintiffs at the time they signed the deed or at any subsequent time, and plaintiffs did not acknowledge to defendant the execution of the deed.

Plaintiffs aver that defendant's act of executing the certificate of acknowledgment was a wilful and intentional act in violation of defendant's duty as a notary public.

On November 28, 1960, plaintiffs discovered defendant's violation of his duty. On that date, one Kirchler informed plaintiffs that he and one Hamner owned the property described in the deed of August 31, 1960, to Bette R. Cohen. Plaintiffs found that on September 9, 1960, Cohen and wife had conveyed the property to Jerome B. Davis for a recited consideration of $2,200.00 by deed recorded in office of the judge of probate; and Davis had conveyed the property to Kirchler and Hamner for a stated consideration of $3,500.00 as shown by recorded deeds dated October 8, 1960.

"Plaintiffs aver that the said Jerome B. Davis, Herman L. Kirchler and Walton Hamner have been judicially determined by the Circuit Court, Tenth Judicial Circuit of Alabama, in Equity, Case No. 121–359, to be bona fide purchasers for value without notice."

Plaintiffs aver that defendant's act proximately injured plaintiffs in that "it validated a deed which, but for the acknowledgement, could not have passed a mer-chantable title to the grantee thereof .... but for the said acknowledgement, Plaintiffs could have been able to resist any equitable action by the grantee to enforce" the deed and "could have successfully invoked a number of defenses including fraud as alleged herein or the doctrine of clean hands," and "these defenses were not, as a matter of law, available to Plaintiffs against bona fide purchasers for value without notice."

Plaintiffs aver that, as a proximate result of defendant's act, they have suffered the loss of their property described in the deed of August 31, 1960.

### Two-B.

In Count Two-B, plaintiffs aver that they owned and have occupied their land, except the lot conveyed to Bette R. Cohen; that plaintiffs made a contract with Seymour L. Cohen for improvements; that Cohen agreed to arrange for financing the cost of improvements at an interest rate not to exceed six per cent per annum.

On August 31, 1960, Cohen presented to plaintiffs a note and mortgage covering plaintiffs' homestead for $8,500.00 with interest at eight per cent per annum. On that date, the improvements were about seventy-five per cent completed. Cohen represented to plaintiffs that the note and mortgage were only temporary and he would "secure" for them permanent financing at six per cent. Cohen's representation was false, made with no intention "to carry out said representation," to deceive and defraud plaintiffs, and to induce them to execute the note and mortgage, which they did, relying on Cohen's representation.

At some later time defendant signed his name and affixed his notarial seal to the mortgage. Defendant did not witness the signature of plaintiffs, was not in the place where plaintiffs signed the mortgage, and did not see or speak to plaintiffs at the time of their signing or subsequent thereto.

Plaintiffs did not acknowledge execution of the mortgage to defendant.

Defendant's act in executing the certificate of acknowledgment was a "wilful and intentional act in violation of his legal duty as such officer."

On or about September 16, 1960, plaintiffs discovered that the note and mortgage had been transferred by Cohen to Olshan Realty Co., Inc., a corporation, and by the corporation to one Jack Talyor. The transfers were made on the same day on which plaintiffs signed the note and mortgage.

Plaintiffs aver that the improvements contracted for have not been completed and much of what was done was of poor workmanship.

Plaintiffs aver that Talyor is a holder in due course or bona fide purchaser for value without notice and the mortgage is a valid first mortgage on plaintiffs' homestead.

Plaintiffs aver that defendant's act damaged plaintiffs in that they were deprived of equitable relief against the mortgage in the hands of Talyor; that but for the acknowledgment, plaintiffs would have been able to resist any equitable action to enforce the mortgage; that equitable defenses are not available to plaintiffs against bona fide purchasers or holders in due course; that plaintiffs have not been able to obtain financing at a lesser rate of interest; and plaintiffs will have to pay a sum in excess of the value of the work done by Cohen.

*Ruling on One-B.*

Grounds 23 and 24 of demurrer raise the defense against Count One-B that the final decree in Case No. 121–359 is res judicata of the issues tendered in Count One-B with reference to the deed to Bette R. Cohen dated August 31, 1960.

Defendant asserts that, because plaintiffs refer in Count One-B to Case No. 121–359, the trial court was bound to take judicial notice of the record of the prior case and that the record in the prior case shows that the prior decree is res judicata of the issues tendered by Count One-B with reference to the deed to Bette R. Cohen. Defendant says that the defense of res judicata may be raised by demurrer and was so raised here, and that the record of the prior case sustains the defense of res judicata. Defendant concludes, therefore, that the trial court cannot be put in error for sustaining the demurrer to Count One-B.

By the weight of authority, as is stated in 96 A.L.R. at page 945, where a judgment of the same court is pleaded as a bar or as conclusive on an issue, the existence and contents of the judgment must be proved by offering the record in evidence. In the same annotation at page 952, however, Alabama is shown as following the minority rule and holding that the trial court properly took judicial notice of a prior judgment in the same court where the prior judgment was referred to in the pleading. Such is the rule followed by this court as shown by the cases next referred to.

When a bill in equity, together with its exhibits, affirmatively shows on its face that the claim sought to be decided and enforced by the bill has already been adjudicated by a court which had jurisdiction of the same parties and same subject matter, the defense of res judicata is a complete answer to the bill and may be interposed by appropriate demurrer. Williams v. Williams, 202 Ala. 539, 81 So. 41; Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Crowson v. Cody, 215 Ala. 150, 110 So. 46; United Baptist Church, etc. v. Gautney, 250 Ala. 216, 34 So.2d 1.

With respect to judicial notice by a court of its own records, the rule in Alabama is not that in all cases the court may notice the record of other proceedings therein, even between the same parties and involving the same subject matter; but, where a party refers to such other proceeding or judgment in his pleading for any

purpose, the court, on demurrer by the other party, may and should take judicial notice of the entire proceeding in so far as it is relevant to the question of law presented. Cogburn v. Callier, supra; Crowson v. Cody, supra, 215 Ala. at page 156, 110 So. 46; Le Furgey v. Beck, 244 Ala. 281, 284, 13 So.2d 179; Griffin v. Proctor, 244 Ala. 537, 542, 14 So.2d 116; Peach v. Drennen, 253 Ala. 271, 274, 44 So.2d 257; Ex parte Lange, 268 Ala. 422, 108 So.2d 335; Taylor v. Taylor, 272 Ala. 234, 130 So.2d 387.

■ In several cases, however, this court has refused to apply the doctrine of Cogburn v. Callier, supra, and has refused to take notice of other proceedings. In Crossland v. First National Bank, 233 Ala. 432, 172 So. 255, on appeal from the circuit court, this court refused to take notice of its own record of an appeal previously taken from the probate court of the same county. This court's refusal to take notice of the previous appeal from the probate court appears to have been for the reason that the record of the case in the probate court was not a record of the circuit court and so was not a record which the circuit court could judicially notice. This court seems to have laid down the rule that, for the supreme court to take notice of the record of the other proceeding, three conditions must exist. First, the pleading in the instant case must refer to the other proceeding; second, the other proceeding must be of record in the trial court whose decree or judgment is the basis for the instant appeal; and, third, the prior proceeding must be of record in the supreme court in another appeal here or be set out in the instant record.

This court also refused to take notice of other proceedings in Alexander v. Letson, 242 Ala. 488, 7 So.2d 33; Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; and Belyeu v. Boman, 252 Ala. 371, 41 So.2d 290.

In Brantley v. Brantley, 258 Ala. 367, 63 So.2d 29, this court refused to take notice of another proceeding in the trial court for the purpose of sustaining a bill against demurrer. It seems that this court refused to take notice of the other proceeding because the bill did not allege the matter which complainant sought to have this court notice and the record in the other case had not been brought to this court by appeal in any way.

In Williamson v. Burks, 262 Ala. 422, 79 So.2d 42, this court refused to take notice of prior proceedings where respondent sought to have this court take such notice in order to sustain a demurrer to the bill. This court said that the demurrer attempting to set up the defense of res judicata was a speaking demurrer and the reference, in the bill, to the previous proceeding was not sufficient to invoke the court's judicial knowledge of the same in ruling on the demurrer.

In the instant case, the plaintiffs did refer to Case No. 121–359 so as to satisfy the requirement of reference to the prior proceeding in the complaint and permit the defendant, by demurrer, to interpose the defense of res judicata and call on the trial court to take judicial notice of the prior Case No. 121–359. We may concede also that the record of Case No. 121–359 is a record of the same court whose judgment is the basis for the instant appeal and that the trial court's ruling, sustaining the demurrer to Count One-B in the instant case, rested on the grounds which take the point that the decree in Case No. 121–359 "is res judicata of the issues here tendered with reference to the deed" from plaintiffs to Bette R. Cohen referred to in Count One-B.

■ The third requirement, however, is lacking. The record in Case No. 121–359 is not before us in the record on a prior appeal or in the instant appeal, and for that reason we cannot judicially know whether the decree in Case No. 121–359 is or is not res judicata of the issues tendered in Count One-B.

■ Under the doctrine of Cogburn v. Callier, supra, however, we are of opin-

ion that, with respect to Count One-B, the trial court was authorized and required to take judicial notice of the proceedings in Case No. 121–359. We may assume that the trial court did take such notice and we thus come to the question of deciding whether we can say the trial court erred in sustaining the grounds of demurrer which raise the defense of res judicata against Count One-B.

■ It is elementary that error will not be presumed. This court has said that where the trial court gives judgment upon the facts and law, its action will not be reversed unless the record affirmatively show all the facts upon which the court acted where any supposable state of facts would sustain the action of the court. Wise v. Ringer, 42 Ala. 488.

■ A party complaining of error in a judgment, must show it affirmatively upon the record, as otherwise the presumption will be that the decision is correct. Lyon v. Krebs, 9 Ala. 426.

Plaintiffs are the party who first made reference to the prior case. If, in truth, the decree in Case No. 121–359 is not res judicata to plaintiffs' claim as set out in Count One-B, then plaintiffs ought to show that the prior decree is not res judicata by setting out the prior record in Count One-B.

■ We must presume that the trial court took notice of the record in Case No. 121–359. Plaintiffs have not brought that record before us. In absence of a contrary showing in the record before us, we must presume that the matter, which was before the trial court but is omitted from the record before us, was sufficient to sustain the ruling of the trial court. Plaintiffs assert error in sustaining the demurrer and have the burden of proving error but plaintiffs have not supported that burden. We must hold that demurrer to Count One-B was sustained without error.

*Ruling on Two-B.*

■ If any ground of a demurrer is well taken, the action of the trial court in sustaining the demurrer must be upheld. Prather v. Ray, 258 Ala. 106, 112, 61 So.2d 46; Ledbetter v. Frosty Morn Meats, 274 Ala. 491, 495, 150 So.2d 365.

■ By assigning for error that the court erred in sustaining the demurrer to Count Two-B, plaintiffs assert and, therefore, assume the burden of showing that all grounds of demurrer are bad, or, in other words, that no ground is a good ground. To support this burden, plaintiffs must argue each and every ground and demonstrate that each is bad. Plaintiffs have argued every ground. In original demurrer, defendant assigned twenty-six grounds, numbered 1 to 26, and added grounds S and B by amendment.

Ground S is that it affirmatively appears that defendant has breached no duty owing to plaintiffs. For reasons hereinafter stated, we think that Count Two-B does show that defendant breached a duty owed to plaintiffs and, therefore, that ground S is not well taken.

■ Ground B is that the complaint is vague and uncertain because plaintiffs have dismissed all defendants except appellee, but "this count" states a claim against the "Defendants." Without deciding whether such a ground is hypertechnical or whether such a discrepancy would be self-correcting, we think that ground B is not well taken because on careful examination of Count Two-B we have not found in it the plural word, "Defendants."

■ In brief and argument, plaintiffs divide the twenty-six original grounds into seven groups so that the grounds which raise the same point in different language are grouped and argued together. This arrangement, with slight modification, appears to present adequate argument to review the sufficiency of each and all of the twenty-six grounds.

*Group A.*

Grounds 1, 2, and 22 raise the point that "The Complaint fails to state a cause of action."

Such a ground is a general demurrer not authorized by § 236, Title 7, Code 1940, and error cannot be predicated on overruling a demurrer in so far as that claim is concerned. Sarber v. Hollon, 265 Ala. 323, 325, 91 So.2d 229. Such a ground has been abolished by statute in suits at law. Alabama Power Company v. Curry, 228 Ala. 444, 447, 153 So. 634. The trial court will not be put in error for overruling demurrer on the ground that the complaint is vague, indefinite, and uncertain; that it fails to state a cause of action; or that the averments are mere conclusions of the pleader. United States Health & Accident Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; but see Druid Homes, Inc. v. Cooper, 272 Ala. 415, 417, 131 So.2d 884.

On the other hand, when the complaint does not contain a substantial cause of action, there can be no recovery, although the complaint was not demurred to. St. Clair County v. Smith, 112 Ala. 347, 351, 20 So. 384. When a complaint does not state a cause of action, a general demurrer on that ground is sufficient to call attention to the defect since the court, of its own motion, should deny recovery thereon; and, on appeal, this court will set aside a judgment based on such a complaint, even though the objection was not made in the court below. McCarty v. Williams, 212 Ala. 232, 234, 102 So. 133.

In an action at law, we can see no reason why the trial court should not sustain a demurrer on the ground that the complaint fails to state a cause of action; and, if the complaint does not state a cause of action, we think the judgment sustaining the demurrer ought to be upheld on appeal. This court so held in Kelly v. Burke, 132 Ala. 235, 241, 31 So. 512. See Ala. Digest, Appeal and Error, ☜193(9). So, in the instant case, if Count Two-B does not state a cause of action, we think we ought to affirm the judgment sustaining ground 1 of the demurrer to that count. If, however, Count Two-B does state a cause of action we must hold that ground 1 is not well taken and that the court erred in sustaining that ground of demurrer. We must, therefore, decide whether Count Two-B states a cause of action.

Every action in tort consists of three elements: (1) the existence of a legal duty owed by defendant to plaintiff; (2) defendant's breach of that duty; and (3) damage to plaintiff as the proximate result of defendant's breach of duty. City of Mobile v. McClure, 221 Ala. 51, 54, 127 So. 832.

What is the duty owed by a notary public to every other person? In § 207, Title 41, Code 1940, it is provided that any officer authorized to take acknowledgment of any conveyance of property, real or personal, who, with intent to injure or defraud, or to enable any other person so to do, wilfully certifies that any conveyance was duly proved or acknowledged when such acknowledgment was not in fact made, must, on conviction, be imprisoned in the penitentiary for not less than two nor more than ten years. In § 4, Title 40, Code 1940, it is provided that a notary must give bond "conditioned to faithfully discharge the duties of such office . . . ."

We are of opinion that the duty of a notary requires that he not wilfully and intentionally certify that a person has acknowledged the execution of a conveyance when such person has not acknowledged such execution before the notary.

". . . . Where a notary is called on to perform an act which he is authorized by law to perform, and he does so carelessly or fraudulently, he and his surety are liable for any loss proximately resulting therefrom. 20 R.C.L. § 17, p. 335. A notary public is not an insurer, but he is under a duty to his clients to act honestly, skillfully and with reasonable

diligence . . .." Aetna Cas. & Surety Co. v. Commonwealth, 233 Ky. 142, 146, 25 S.W.2d 51, 53.

"Where an officer, by wanton misconduct, starts on its way in the commercial world a false certificate upon which the public has the right to rely, he ought to be held responsible for all proximate consequences, not only to the person who takes immediately and directly under the instrument bearing the certificate, but to every one damaged as the proximate result of it." American Surety Co. of New York v. Boden, 243 Ky. 805, 811, 50 S.W.2d 10, 13.

See annotation: 61 A.L.R. 807. We are of opinion that the averments of Count Two-B show a duty owed by defendant to plaintiffs.

██ Plaintiffs alleged that they did not acknowledge to defendant the execution of the mortgage but that defendant did sign his name and affix his seal thereto, and that defendant's act was "a wilful and intentional act." A copy of the mortgage is made Exhibit G to the complaint. In Exhibit G, we find defendant's certificate that plaintiffs "acknowledged before me on this day" that they executed the mortgage, but plaintiffs allege that they did not acknowledge such execution to defendant at the time of execution or at any time subsequent thereto. If the allegations of Count Two-B be taken as true, as they must be on demurrer, then defendant has wilfully and intentionally certified that plaintiffs did acknowledge before defendant the execution of an instrument when they did not do so and have never done so. We are of opinion that Count Two-B sufficiently shows defendant's breach of a duty he owed to plaintiffs.

To state a cause of action, Count Two-B must contain the third element of tort. The allegations must show that defendant's breach of duty was a proximate cause of plaintiffs' damage.

The exhibits to the complaint show that on the day of the date of the mortgage and of defendant's false certificate, the mortgage was transferred to Talyor and plaintiffs allege that he is a bona fide purchaser for value without notice, and, therefore, that plaintiffs have lost the right to interpose against Talyor's claim for the mortgage debt those defenses which plaintiffs could have interposed against the same claim in the hands of Cohen, who was the grantee named in the mortgage.

Examination of Exhibit G discloses that there is no witness to the signatures of plaintiffs on the mortgage. § 22, Title 47, Code 1940, provides that the execution of conveyances for alienation of lands "must be attested by one witness." Exhibit G does not comply with this requirement. § 24 of Title 47, provides, however, that the acknowledgment provided by statute operates as a compliance with the requisite of § 22 upon the subject of witnesses. So it is, then, that defendant's acknowledgment furnished compliance with the statutory requirement for conveyance of the title to the land.

Defendant argues that even without defendant's certificate, however, plaintiffs' signatures to the mortgage complied with the statute of frauds, and the mortgage would be enforceable in equity as a contract to convey. Rhodes v. Schofield, 263 Ala. 256, 264, 82 So.2d 236; Golden v. Golden, 256 Ala. 187, 54 So.2d 460. Defendant's argument on this point is probably correct, but in a suit by Cohen, in equity, to enforce the contract, would not plaintiffs have the right to interpose equitable defenses against enforcement of the contract? We are not advised to the contrary. From the averments of Count Two-B, the loss of the right to interpose such equities is the principal damage which plaintiffs have suffered.

Defendant says further that his act is not a proximate cause of plaintiffs' damage, that defendant's act is not even a concurring cause, and that the proximate cause

is the fraud practiced on plaintiffs by Cohen.

■ If damage results from concurrent, wrongful acts of two or more tort-feasors, they may be sued jointly or severally and the act of each may be counted on as the proximate cause of the injury; and it is not necessary that a plaintiff aver or prove facts showing a common design, a concert of action, or knowledge by one tort-feasor of the acts of the other tort-feasor. Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 189, 100 So.2d 696, 61 A.L.R.2d 1346.

■ Injury arising from the concurring negligence of joint tort-feasors, whether they act together or independently, may be redressed by joint or several action. Chambers v. Cox, 222 Ala. 1, 3, 130 So. 416. Where, as in the case at bar, the tort-feasors act wilfully and intentionally, their liability can be no less than it would be for acting negligently.

In Fogleman v. National Surety Co., 222 Ala. 265, 268, 132 So. 317, in a bill of complaint, it was alleged that the defendant, as a notary, had executed certificates of acknowledgment certifying that certain persons had acknowledged the execution of certain mortgages when they had not done so and the mortgages were fictitious and forgeries. The mortgagee in some of the mortgages sued the notary. This court held that the bill of complaint was not demurrable and said:

"The bills of complaint allege such fraudulent official misconduct by representing the due acknowledgement of the mortgages, when that was false, and that complainants relied upon the representation and thereby sustained a loss. . . . ." (222 Ala. at page 269, 132 So. at page 320)

This court said also that: ". . . . the false certificate need not be the sole proximate cause of a loss to justify a recovery"; and further: "But we think that we can accept the theory that, if reliance on the false certificate is one of the proximate contributing causes, a recovery may be had without going the full length of some of the cases last cited . . . ."

■ We think the allegations of Count Two-B show that defendant's false certification of plaintiffs' acknowledgment was a concurring proximate cause of plaintiffs' loss.

Other courts have held notaries liable to the maker of an instrument for falsely certifying that the maker had acknowledged execution of the instrument. See: Brown v. Graves, 114 Kan. 602, 220 P. 247; Aetna Cas. & Surety Co. v. Commonwealth, 233 Ky. 142, 25 S.W.2d 51; American Surety Co. of New York v. Boden, 243 Ky. 805, 50 S.W.2d 10; Strother v. Shain, 322 Mass. 435, 78 N.E.2d 495; State ex rel. Payne v. Wilson (Mo.App.), 207 S.W.2d 785; Erie County United Bank v. Berk, 73 Ohio App. 314, 56 N.E.2d 285.

In Brown v. Graves, supra, the mortgagors sued a notary for falsely certifying that mortgagors had acknowledged before the notary the execution of the mortgage. Mortgagors had contracted to borrow $1,500.00. They executed and delivered to the mortgagee a note and mortgage but did not acknowledge it because the $1,500.00 was not immediately forthcoming. During the next three months, the mortgagee advanced $800.00 to the mortgagors. In some way, the notary signed and sealed her notarial certificate showing mortgagors' acknowledgment. The mortgage was recorded and the note and mortgage were sold to a purchaser who had no notice of the infirmities therein. Mortgagors sued the notary and contended that if she had not falsely signed and sealed her certificate on the mortgage, it could not have been recorded and sold to an innocent purchaser. The Supreme Court of Kansas, in reversing a judgment for the notary had this to say:

"It would seem that plaintiffs' pleadings and opening statement presented a cause of action. Bellport v. Harkins,

104 Kan. 543, 180 P. 220, and citations therein. It is true, of course, as argued by defendants, that the $1,500 note, being executed and left in Jones' custody, could have been negotiated by him to an innocent holder, and plaintiffs would have been liable thereon, although no mortgage had been executed, and regardless of the fact that it never was acknowledged, and plaintiffs' only recourse would have been an action against Jones. But without the false notarial acknowledgment, the mortgage could not have been recorded, and their homestead thereby irrevocably pledged to the payment of $1,500 at the suit of an innocent holder.

".　.　.　.　.　.

"It may be that if the note had not been backed by a mortgage having an apparently regular acknowledgment, notarial certification, and registration, the Ranchmen's Trust Company, an innocent purchaser, would have bought the note and mortgage. But our concern is not with what might have happened, but with what did happen. The note was good between the parties for $800, and the mortgage was good for the same amount, without a notarial certification and without registration. But it was good for no more.

As the matter now stands, the mortgage binds plaintiffs' homestead for $1,500.

"The notary perpetrated an actionable wrong on plaintiffs, and she and her bondsman must respond in damages therefor. 1 C.J. 902, and notes; 1 R.C.L. 308, 311." (220 P. at page 248)

In Alabama, conveyances are not self-proving by reason of recording unless acknowledged or proved according to law. Redwine v. Jackson, 254 Ala. 564, 575, 49 So.2d 115. In the instant case, defendant's false certificate supplied an element which was lacking on the mortgage, made the mortgage more attractive, and, we think, contributed to the sale of the note and mortgage to an innocent purchaser.

We hold that Count Two-B sufficiently states a cause of action to support a judgment and withstand the general demurrer asserting failure to state a cause of action.

### Group B.

Grounds 4, 5, 6, and 7 assert that the fraud on which plaintiffs rely is not alleged with sufficient certainty and is pleaded as a conclusion.

We have already undertaken to demonstrate why we think the averments of Count Two-B sufficiently show duty, its breach, and damages to plaintiffs as the proximate result of the breach. If the count charges fraud, it is constructive fraud and the facts to show it are sufficiently alleged. There is no charge of evil intent on defendant's part; there is merely a charge of wilful and intentional breach of duty sufficient to render defendant liable for damages proximately resulting from the breach. These grounds are not well taken.

### Group C.

Grounds 8 and 9 assert that Count Two-B is bad for nonjoinder of a necessary party defendant, Cohen. We have already said that joint tort-feasors may be sued jointly or separately. These grounds are not well taken.

### Groups D and E.

Grounds 10, 12, 14, 16, 18, and 20 do not apply to Count Two-B because they are based on the deed, Exhibit C, which is the foundation of Count One-B and, therefore, these grounds are not well taken with respect to Count Two-B.

Grounds 11, 13, 15, 17, 19, and 21 appear to say that plaintiffs are estopped from recovery because they voluntarily signed the mortgage and thus made it enforceable in equity as an agreement to convey. We have already pointed out, however, that as an agreement to convey,

the mortgage would be subject to equitable defenses. Also, whatever might have happened without defendant's false certificate, the certificate is on the mortgage and did have a part in effecting the transfer of the note and mortgage to a purchaser for value without notice.

Defendant relies on MacBride v. Schoen, 121 Cal.App. 321, 8 P.2d 888, where the District Court of Appeals for the Fourth Appellate District said that "while the notary may have been guilty of negligence or fraud in attaching the certificate of acknowledgment, it would appear" that the act of the notary could not have occurred if grantor had not signed and delivered the instrument and the grantor's own negligence had a part in causing the loss.

 *MacBride* is contrary to the holdings in the seven cases last cited above in the discussion under Group A. Moreover, in the case at bar, plaintiffs charge defendant with a wilful and intentional act, not a negligent act. Contributory negligence is no defense to a count seeking recovery for the wilful or wanton acts of defendant. Southern Ry. Co. v. Yancey, 141 Ala. 246, 249, 37 So. 341; cases cited in Ala.Digest, Negligence, ☞100.

We hold, therefore, that grounds 11, 13, 15, 17, 19, and 21 are not well taken.

### Group F.

Grounds 23, 24, and 25 assert that Case No. 121–359 is res judicata of the issue here.

We have already decided that we would not reverse for sustaining these grounds to Count One-B because that count contained reference to Case No. 121–359, and that, since the record in that case is not before us, we would not presume that the absent record failed to sustain the defense of res judicata. In Count Two-B, however, we find no reference to Case No. 121–359.

" . . . . Under our system of pleading the several counts of the complaint are considered separate and distinct, and to be tested for their sufficiency by the averments thereof without reference to any other count, unless so adopted by the language thereof . . . . " Paterson & Edey Lumber Co. v. Carolina-Portland Cement Co., 215 Ala. 621, 626, 112 So. 245, 250.

 As we understand the rule, each count of a complaint, when tested by demurrer, must stand alone on its own allegations, unassisted and unharmed by the allegations of any other count. Count Two-B does not adopt any part of Count One-B and is not helped or hurt by the averments of the other count. For that reason, the reference to the prior case in Count One-B has no effect on Count Two-B and the latter count is not subject to the grounds of demurrer which raise the defense of res judicata.

### Group G.

Ground 26 and other grounds in this group take the point that the allegations of the complaint do not show that defendant's act is the proximate cause of plaintiffs' injury.

We have stated the reasons we think the allegations of Count Two-B do show that defendant's act was a concurring, proximate cause of plaintiffs' injury.

For error in sustaining the demurrer to Count Two-B, the judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.